Dykman, J.
On the 10th day of April, 1882, the parties to this action made a written agreement by which, among other things, the defendant agreed to pay to the plaintiff $500 a month as royalties for the exclusive right to use certain patents and patent devices in relation to knit fabrics, and this action is brought to recover $3,000 for such unpaid royalties.
Before the commencement of this action the plaintiff brought a suit against the defendant for the recovery of royalties under •the same agreement, to which the defendant interposed no defense, and judgment was entered in favor of the plaintiff by default for over $11,000. ,
Now the defendant claims to have evidence sufficient to show that the agreement under which the plaintiff claims was induced and procured by fraud, and that defense is set up in the answer in this case as a defense to this action, and it is said also in the answer that the defendant repudiated the agreement upon the discovery of the fraud.
Upon the trial of this action the plaintiff introduced in evidence the record of the former judgment against the defendant, and moved the court to direct a verdict in her favor for the amount claimed in the complaint, with interest, upon the ground that the judgment was res adjudicata as to all matters relating to the contract and res adjudicata to the defense in this action.
The motion was granted, the defendant excepted, and the court directed the jury,to find for the plaintiff $3,087.75, to which the counsel for the defendant also excepted.
We think the decision at the circuit was erroneous. Fraud vitiates every transaction into which it enters, and if the contract in question was procured from the defendant by fraud, it will be destroyed, and an opportunity should be afforded to establish that defense.
It was not litgated in the former action, and could not have been, because there was no issue before the court, and a former judgment is not conclusive as to questions not within the issues before the court. Fairchild v. Lynch, 99 N. Y., 359, 368.
There have been many decisions upon the question of res adjudícala, and they are not all reconcilable with themselves or with right, reason and justice, but it is sufficient for us that this question now presented to us has not been determined adversely to the defendant and we are at liberty to decide it according to the dictates ■of justice.
There never has been an adjudication of this question and if *420 this judgment is affirmed the defendant will be deprived of all opportunity to demonstrate the fraud, and the plaintiff will reap a large reward for the successful imposition.
We cannot subscribe to such a result; we will let in the light, upon this contract. If it be honest its fairness can be made to appear, and if it be vicious it will be nullified and we will not stifle inquiry.
The judgment and order denying a motion for a new trial should be reversed and a new trial should be granted, with costs to abide, the event.
Barnard, P. J., and Pratt, J., concur.