IRISH AMERICAN BANK *vs.* JOHN LUDLUM.

| 56 | 317 |
| 61 | 352 |

Argued Jan. 5, 1894. Reversed Jan. 30, 1894.

No. 3431.

**Judgment in a former action, when res judicata.**

When, in order to make a judgment *res judicata* upon issues of fact in another action between the same parties, resort is had to extrinsic evidence, to show that such issues were actually litigated and determined, the judgment record not showing that, it must be made to appear that the determination of such issues was necessarily involved in the decision resulting in the judgment.

**Evidence in the former action examined.**

Evidence on the trial of the first case *held* not to show that the issues in the second action on which the judgment is claimed to be *res judicata* were necessarily determined.

Appeal by defendant, John Ludlum, from an order of the District Court of Hennepin County, *Robert D. Russell,* J., made July 22, 1893, denying his motion for a new trial.

The plaintiff, the Irish American Bank, brought this action March 1, 1890, upon two promissory notes. One was for $450 and interest at ten per cent. a year, dated November 1, 1889, signed New York Pie Company, E. J. White, Mgr., and payable ninety days thereafter to the order of Allen P. Thompson. It was indorsed by him to the bank and protest waived. The other was for $500 and interest at ten per cent. a year, dated November 7, 1889, signed in the same manner and payable ninety days thereafter to the order of Thompson. It also was indorsed by him to the bank and protest waived. Defendant denied that he was doing business under that name, and denied that he made or authorized the making of the notes, and denied that White was his manager or agent. The issues were first tried February 3, 1891, and plaintiff had a verdict. Defendant moved for a new trial, was denied, appealed, and obtained reversal (49 Minn. 344.) The cause went back and on two subsequent trials the jury disagreed. Meantime, in another action between the same parties, judgment had been obtained by plaintiff upon two similar notes, one dated December 2, and the other December 18, 1889 (49 Minn. 255.) On the fourth trial, May 22, 1893, plaintiff offered in

evidence the judgment roll in the other action, including the settled case containing all the evidence given on that trial. It was received and on this judgment roll the Judge instructed the jury to return a verdict for plaintiff for the amount of the two notes saying:

Whether John Ludlum was the New York Pie Company, and whether he employed Eugene J. White to act for him as manager, and whether he authorized Mr. White to execute the notes that are sued on, are the questions in this case. The jury in a former case having answered these questions in the affirmative and judgment having been entered thereon, the court holds that to be an adjudication of those facts. Other evidence that has been given here shows that the relations between the parties were the same during the time of the making of the notes in suit here and the making of the notes in suit in the former action.

The defendant excepted to the instruction, made a case containing all the evidence and moved for a new trial. Being denied he appeals.

*Harrison & Noyes,* for appellant.

This court has heretofore stated that a judgment in a former action is not an estoppel in a subsequent action unless it directly decides a point which was material in the former action and is in litigation in the latter. *Dixon* v. *Merritt,* 21 Minn. 196; *Thompson* v. *Myrick,* 24 Minn. 4; *Adams* v. *Adams,* 25 Minn. 72; *Linne* v. *Stout,* 44 Minn. 110.

In order to determine that John Ludlum was the proprietor of the New York Pie Company on December 2 and 7, 1889, the date of the notes in the action which went to judgment, it was not necessary to determine that Ludlum was the proprietor on November 1 and 7, 1889, the time of making the notes sued on in this action.

The court erred in receiving in evidence the settled case as a part of the judgment roll in the former action and in allowing the same to be read to the jury. This mass of testimony taken in that action could not be evidence in this case.

*Rea, Hubachek & Healy,* for respondent.

If defendant was the New York Pie Company and authorized White to make the negotiable paper of that company, then the de-

fendant is bound by any and all negotiable paper so issued. These notes were so issued and are the valid and binding obligations of the New York Pie Co., whoever that company might be. The fact that the defendant was that company when the notes were made is *res judicata.* *Hodge* v. *Ludlum,* 45 Minn. 290; *McClung* v. *Condit,* 27 Minn. 45; *Jennison* v. *Inhabitants of West Springfield,* 13 Gray, 544; *Russell* v. *Place,* 94 U. S. 606; *Davis* v. *Brown,* 94 U. S. 423; *Lynch* v. *Swanton,* 53 Me. 100.

GILFILLAN, C. J.    The action is upon two promissory notes, dated, respectively, November 1 and 7, 1889, and signed, "New York Pie Co., E. J. White, Mgr.;" the claim of the plaintiff being that "The New York Pie Co." was the business style of the defendant, and that E. J. White was his business manager, and authorized to execute promissory notes in his business and business style. Of course, there could be no recovery unless these facts were shown to exist at the dates of the notes.

To establish that these facts existed at those dates, the court below admitted in evidence a judgment in favor of the plaintiff in an action by this plaintiff against this defendant on two promissory notes, dated, respectively, December 2 and 18, 1889, and signed as these notes were, and also admitted evidence of what took place at the trial of that action, including the evidence introduced; and, upon the theory that the determination in that case established conclusively as between these parties that the defendant was the New York Pie Company, and E. J. White his manager, authorized to execute promissory notes in the business on the 1st and 7th of November, it directed a verdict for the plaintiff.

*Prima facie,* and on the face of the record, the determination in that case settled only that the *status* alluded to existed at the dates of the notes in that suit, to wit, December 2d and 18th, and that would in this case be immaterial.

No question is made but that where there are two actions between the same parties, and, though the causes of action be different, there are directly involved issues of fact common to both, and those issues are actually litigated and determined in one, the judgment is conclusive on the same issues in the other.

Nor is any question made but that extrinsic evidence may some-

times be admitted to show what the actual contention was in the action first tried, and that there was necessarily involved in the determination something more than is apparent by the record. To illustrate this: Suppose it appeared from the evidence that, in the first of these actions tried, the real contention was whether, by reason of transactions prior to November 1st, the defendant became the New York Pie Company, and E. J. White his manager in its business, and, that being found, the jury had nothing further to do than presume that state of things to continue until December 2d and 18th. In such event, unless the doctrine of *res judicata* is to be confined within much narrower limits than courts are disposed to restrict it to, the determination would be conclusive in the second action, (this action,) that the state of things so determined existed on November 1st and 7th. Of course, when we resort to evidence outside the record, it must not be left to conjectures that a fact not disclosed by the record was determined. It should appear with certainty that the court or jury must have found the fact in order to reach the verdict or decision; in other words, that the finding of the fact was necessarily involved.

We have carefully examined the evidence in the case first tried, having in mind that it was enough to sustain that judgment that defendant was the New York Pie Company, and White his manager, on the 2d and 18th December; and that it was immaterial whether that *status* existed before November 1st, except as it might be necessary to find its existence on that day, in order to find it existed December 2d and 18th; and it does not appear that the jury must have found that it existed November 1st and 7th. The evidence on the matter was of acts, transactions, and admissions prior to November 1st, and of acts, transactions, and admissions subsequent to, and having reference to, the situation subsequent to November 7th. The latter evidence would justify the general finding, and we cannot say the jury did not make its finding upon it. At any rate, we cannot say they found that the *status* existed on November 1st.

It was therefore error to hold the judgment to be evidence of the *status* at the date of the notes here in suit.

Order reversed.

(Opinion published 57 N. W. Rep. 927.)