MACOMB SEWER–PIPE COMPANY v. MARY A. HANLEY.[1]

June 11, 1895.

Nos. 9363—(178).

**Separate Actions on Note and Mortgage.**

> Where A. and B. jointly made a mortgage, in which A. alone covenanted to pay the debt thereby secured, and B. alone executed the note secured by said mortgage, *held*, the party to whom the promise in each is made does not waive his right to sue on one instrument to recover personal judgment by reason of having brought suit on the other instrument to recover personal judgment.

**Res Judicata.**

> When an issue of fact litigated by the parties in a former action was not one necessarily involved in the determination of that action, *held*, the judgment in that action does not estop the parties as to such issue of fact, when raised in another action for a different cause of action.

Appeal by defendant from a judgment of the district court for Ramsey county entered pursuant to an order for judgment by Kelly, J. Affirmed.

*J. C. Mangan*, for appellant.

*S. C. Olmstead*, for respondent.

CANTY, J.[2] This is an appeal from a judgment granted on the pleadings in favor of the plaintiff, a corporation. The action is brought to recover from defendant the sum of $636.63, which it is alleged she agreed, by a covenant in a mortgage made by her, to pay. The mortgage is set out as an exhibit to the complaint, and purports to be made by defendant and her husband to plaintiff, and mortgages certain real estate to secure the payment of that sum "according to the conditions of a note payable in six months, at eight per cent. per annum, bearing even date herewith." She alone made the covenants of warranty, and covenants that she is lawfully seised of the land. She also covenants to pay said sum. No foreclosure is prayed for.

In her answer, defendant admits that she made and delivered the mortgage to plaintiff. But she alleges as a defense: That said mort-

¹ Reported in 63 N. W. 744.            ² Collins, J., absent, took no part.

gage and the note therein described "were made, executed, and delivered to said plaintiff at one and the same time, and were given for one and the same debt, and together form one entire contract, and constitute one and the same cause of action." That in March, 1893, plaintiff commenced an action on said note against her and her said husband, in the complaint in which plaintiff alleged that she and her said husband made and delivered to it said note, and demanded judgment for the amount of the same. That in her separate answer to the complaint in that action she "denied each and every allegation therein contained, and demanded judgment that the plaintiff therein take nothing by that action, as against her. * * * That said action was thereafter tried on its merits. * * * That at said trial it was claimed by said defendant, Mary A. Hanley, as a defense to said action, and that the same was duly litigated and determined therein, that she never signed, made, or executed said note, or authorized any one to make, sign, or execute the same for her; that the words 'Mary A. Hanley,' on said note, were not the signature of said defendant, but were a forgery; and that said note was altered by said plaintiff, or its agents, after the delivery thereof, by adding thereto the name 'Mary A. Hanley,' and changing the word 'I,' in said note, to the word 'we.'" That on said trial the jury "returned into said court their verdict therein in favor of said defendant, Mary A. Hanley." That thereupon judgment was duly made and given in her favor, and against plaintiff, "whereby it was adjudged that said plaintiff is not entitled to any relief in said action, as against said defendant, Mary A. Hanley, and that it take nothing thereby, and that said defendant recover of said plaintiff, Macomb Sewer-Pipe Company, her costs and disbursements." There was a reply to this answer, which is not here material.

It is true, as contended by appellant, that both the promise in the covenant and the promise in the note are to pay the same indebtedness. But it is contended by appellant that both these promises constitute but one cause of action, and that, by bringing suit on one instrument, plaintiff waived its right to bring suit on the other; that it should have set up all its grounds of action in one suit.

We cannot agree with counsel. Defendant and her husband gave these separate instruments, each containing a promise to pay the debt for the purpose, among others, of allowing the plaintiff to bring suit on one, without reference to the other, to recover personal judgment. Besides, she alone made the covenant; he alone made the note. The liability of each is on a separate instrument, and they could not be joined in one action. But even if she had in fact signed the note, as claimed, the same objection would lie, as he was not liable on the covenant, and could demur to that cause of action, and compel its dismissal. But, while separate suits may and must be maintained on these instruments, yet for many purposes they must be considered as one transaction; and we are not prepared to say that such an alteration of the note in the hands of the plaintiff as would make it guilty of forgery would merely avoid the note itself, and not also avoid the covenant in the mortgage.

But it is not necessary to decide that question. The defendant has not, in this action, pleaded such an alteration of the note. She has pleaded that the question of such alteration was litigated in the former action, but she does not state how it was decided, or that it was decided at all. The decision of that question was not necessarily involved in the result arrived at in the former action. In that action this defendant merely denied that she made the note. The jury returned a verdict for her, and judgment was thereupon entered in her favor. It does not appear from this that there was any such a fraudulent alteration of the note while in the hands of the plaintiff. The name of this defendant may have been thus added to the note before plaintiff received it, and plaintiff may have honestly supposed that it was in fact her signature. "A judgment is conclusive, by way of estoppel, only as to facts without the existence and proof or admission of which it could not have been rendered." Leonard v. Whitney, 109 Mass. 265, 268. To the same effect, see Hunter v. Davis, 19 Ga. 413; Bergeron v. Richardott, 55. Wis. 129, 12 N. W. 384; Irish-American Bank v. Ludlum, 56 Minn. 317, 57 N. W. 927.

This disposes of the case, and the judgment appealed from is affirmed.