CHARLES MAJOR and Another v. JOHN D. LUNN and Another.[1]

September 1, 1911.

Nos. 17,187—(195).

**Assignment for benefit of creditors.**

Demurrer to complaint. Plaintiffs are entitled to recover where the complaint alleges that, for the purpose of applying their property to the payment of their debts, they entered into a creditors' agreement with one of defendants, and another, and transferred to the two certain real estate, valued at about $5,000, to be sold and the proceeds applied in the discharge of plaintiffs' debts; that the trustees subsequently conveyed this property to the other defendant, who had notice and knowledge that the trustees held title to the property for the benefit of creditors, but paid no consideration for the property, and the conveyance to him was for the purpose of defrauding plaintiffs; that subsequent to this conveyance the property was acquired by a railroad company by condemnation, and the grantee was paid $1,750 above the encumbrances on the property, which sum was never applied to the payment of plaintiffs' debts. [Reporter.]

**Judgment.**

In an action to recover the proceeds of property alleged to have been wrongfully converted by defendant, he may interpose as a defense that in a former action between plaintiffs and defendant to determine adverse claims the court determined that he was the owner of the property involved. [Reporter.]

Action in the district court for Beltrami county to recover $1,-727.48 for conversion. From an order, Stanton, J., overruling defendant V. M. Owen's demurrer to the complaint, he appealed. Affirmed.

*E. E. McDonald,* for appellant.
*John F. Gibbons* and *A. A. Andrews,* for respondents.

PER CURIAM.

The complaint in this action, though exceedingly indefinite and

[1] Reported in 132 N. W. 321.

uncertain, as against a general demurrer states a cause of action for money had and received, and the demurrer thereto was properly overruled.

The complaint alleges in substance and effect that at the time stated therein plaintiffs were, and for some time prior thereto had been, engaged in business, and were indebted to numerous creditors. For the purpose of applying their property to the payment of their debts, they entered into a creditors' agreement with defendant Lunn and one Leonard, by which they transferred to those parties certain of their property, to be by them sold and the proceeds applied in the discharge of plaintiffs' debts. A part of the property so transferred was certain real estate, valued at about $5,000. The trustees subsequently conveyed this property to defendant Owen, who, the complaint alleges, had notice and knowledge of the relation between plaintiffs and the trustees, and that they, the trustees, held title to the property for the purposes stated. Owen paid no consideration for the property, and the conveyance to him was for the purpose of defrauding plaintiffs, in which fraud the trustees and Owen participated. Subsequent to this conveyance this particular property was acquired by a railroad company in condemnation proceedings, for which the company paid Owen the sum of $5,354, less encumbrances amounting in the aggregate to the sum of $3,626.52, leaving a total payment to Owen of $1,727.48. The complaint alleges that the trustees have been discharged by order of the court, that the money so received by Owen has never been applied to the payment of plaintiffs' debts, and that defendant Owen wrongfully converted the same to his own use.

From the allegations of the complaint it is clear that plaintiffs are entitled to the proceeds of this property. The sale to Owen was without consideration and fraudulent, and he has no right in law or equity to retain the money received therefor. Plaintiffs may therefore recover as for money had and received.

If the litigation referred to in the trial court's memorandum involved the issues here presented, defendant may interpose the same in defense. It is clear that the complaint does not disclose a former judgment, concluding the rights of the parties in the present controversy.

Order affirmed.