## PAXSON BROTHERS *v.* BUTTERICK PUBLISHING COMPANY.

Under the facts of this case, the purchaser of the goods, for the price of which the action was brought, did not have the right to return them to the vendor and to receive credit therefor.

JUNE 12, 1913.

Complaint. Before Judge George. Wilcox superior court. May 17, 1912.

This was an action brought by the Butterick Publishing Company against Jesse B. Paxson and Omar F. Paxson, composing the firm of Paxson Brothers, on an account for the purchase-price of goods sold by the plaintiff to the defendants in accordance with the terms of a written contract between the parties. So much of the contract as is here material is in substance as follows: The agreement was dated February 22, 1910. It was in the form of an order given by the defendants to the plaintiff for a certain quantity of patterns, which order the plaintiff accepted. The contract was to continue in force for a term of three years from date, and from year to year thereafter until it should be terminated by either party giving the other a three-months terminating notice in writing, at the expiration of any contract period, or within thirty days thereafter, the contract to remain in force during said three months. The defendants agreed to purchase and to keep on hand for sale at all times during the term of the contract the patterns of the plaintiff, to an amount not less than the original stock of patterns purchased, the purchase-price of the original stock being $100, of which $5 was to be paid at once, $45 on May 25, 1910, and the other $50 was to remain unpaid until the termination of the contract, with 3% interest from date, payable semi-annually on January 15 and July 15 of each year. Defendants further agreed to purchase, each month during the contract, patterns to the amount of $7.50, to be paid for on or before the 15th of the month following their shipment. The patterns discarded from the plaintiff's catalogue were to be exchangeable, during the months of January and July, for new patterns at nine tenths of the sum paid for them, and all patterns which defendants might have on hand at the expiration of the term were to be returnable for repurchase at three fourths of cost in cash, if delivered to the plaintiff's New York office in good condition, payable within one month from date of

delivery. Defendants further agreed, to permit the company, or its representative, to count the stock of patterns at any time, and to accept patterns sent to fill up any shortage; to receive and distribute gratuitously, regularly as issued, the Butterick Fashion Sheet and Quarterly Catalogue during the term of the contract; to keep the patterns on the ground floor of the defendants' building; to give or cause to be given proper attention to the sale of Butterick patterns; to use best endeavors to advance their sale; not to sell, or permit to be sold, on the premises of the defendants, during the term of the contract, any other make of patterns; not to sell Butterick patterns except at label prices; to conserve the interests of the plaintiff at all times; and not to remove the pattern stock from its original location without the written consent of the plaintiff. The contract contained the stipulation that "Failure or neglect by either party to perform any provision of this order will, at the option of the other, release the other party from all obligations hereunder." The plaintiff furnished to the defendants the original stock of patterns, and continued to supply the defendants with goods under the contract until defendants became indebted to the plaintiff in a stated amount; the defendants having several times defaulted in making payments. Defendants subsequently ordered more patterns, which the plaintiff refused to furnish unless defendants settled their past indebtedness. On September 1, 1910, defendants notified plaintiff in writing that the latter's refusal to furnish the patterns last ordered was such failure on the plaintiff's part to comply with the contract as released defendants therefrom, and that they therefore elected to declare the contract terminated. In the same communication defendants informed the plaintiff that they had "shipped back" to the plaintiff certain patterns, literature, and a cabinet. These the plaintiff declined to receive, and the action was thereupon brought for the price of the goods previously furnished, less the amount that had been paid by defendants. By consent the case was submitted to the judge for determination without a jury, it being agreed by counsel for both sides that the only question to be decided was whether the defendants were entitled to credit for the goods which they offered to return and which the plaintiff refused to accept. The judge decided that such credit should not be allowed, and rendered judgment against the

defendants in the amount for which the action was brought. Defendants moved for a new trial, which being refused, they excepted.

*M. B. Cannon,* for plaintiffs in error. *Hal Lawson,* contra.

FISH, C. J. (After stating the foregoing facts.) The trial judge properly decided that the defendants were not entitled to credit for the goods which they sought to return. The contract expressly stated that it was to continue in force for the term of three years from date, and from year to year thereafter until it should be terminated by either party giving to the other the written notice therein prescribed. Moreover the contract, considered as a whole, clearly indicated that it was not the intention of the parties that it should be speedily or abruptly terminated. It was agreed that "all patterns on hand at the expiration of the term of this order will be returnable for repurchase at three fourths of cost in cash, if delivered at your [the plaintiff's] New York office in good condition, payable within one month from date of delivery." Another term of the agreement was: "Failure or neglect by either party to perform any provision of this order will, at the option of the other, release the other party from all obligations hereunder." This last stipulation, however, was but the statement of a well-recognized legal principle which would have been operative had it not been expressed in the contract. See *Savannah Ice Co.* v. *American Transit Co.,* 110 *Ga.* 142 (35 S. E. 280), where it was held that failure to make payments for articles delivered under a contract during a series of years, to be delivered in instalments and paid for monthly, entitles the vendor to rescind the contract. See also *Paxson* v. *Butterick Publishing Co.,* 136 *Ga.* 774-775 (71 S. E. 1105). Clearly it was the intention of the parties to the contract that the defendants should have the privilege of returning to the plaintiff, at a stated price, such patterns as the defendants might have on hand at the expiration of the term of the contract, which was fixed as three years, and longer if not terminated by three-months written notice by either party. Surely it was never intended by the parties that the defendants had the right, under the contract, to capriciously refuse to comply with their agreement to make payments as specified for goods bought—thus committing a breach themselves—and thereby cause the plaintiff to refuse to furnish more goods until those already supplied had been paid for, and in this way enable the defendants to reap a benefit from their

own default and wrong, by terminating the contract and giving the defendants the right to return the goods they then had on hand and for which they had not paid, and to get credit therefor.

<em>Judgment affirmed. All the Justices concur.</em>