# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

## CHARLES MAJOR and Another v. V. M. OWEN.[1]

### May 29, 1914.

### Nos. 18,785—(123).

**Adverse claims — judgment not a bar to equity suit.**

1. Plaintiffs, alleging title in themselves, brought an action to determine adverse claims to a city lot. The legal title was in defendant. Evidence that plaintiffs were the equitable owners of the lot was excluded as inadmissible under the pleadings, and judgment was rendered that defendant was the owner thereof. *Held:* That such judgment did not bar plaintiffs from asserting their equitable rights in a subsequent action.

**Eminent domain — title to fund.**

2. While the action to determine adverse claims was pending, a railway company appropriated the lot for railway purposes through condemnation proceedings, and paid the compensation therefor into court. After judgment had been rendered in the action to determine adverse claims, defendant filed a certified copy thereof in the condemnation proceedings, and thereupon the money deposited by the railway company was paid to him by order of the court. It does not appear that the equitable rights of plaintiffs to this money were presented to or passed upon by the court when making such order. *Held:* That the order does not bar plaintiffs from enforcing such equitable rights in the present action.

[1] Reported in 147 N. W. 662.

126 M.—1.

After the former appeal, reported in 115 Minn. 404, 132 N. W. 321, defendant Owen answered the complaint, setting up as a bar to the action the judgment in the action between the parties which is mentioned in the opinion, and also setting up the order of the district court in the condemnation proceedings referred to in the opinion, pursuant to which the money involved in the action was paid to defendant Owen. The case was tried before Stanton, J., who made findings and ordered judgment in favor of plaintiffs for the amount demanded. Defendant Owen's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, he appealed. Affirmed.

*E. E. McDonald,* for appellant.

*John F. Gibbons* and *A. A. Andrews,* for respondent.

TAYLOR, C.

Plaintiffs, being financially embarrassed, conveyed their property to trustees in trust to convert the same into money, pay their liabilities, and return the surplus, if any, to plaintiffs. The trust has been fully performed and the trustees discharged. A lot in Bemidji with a business building thereon, heavily encumbered by mechanic's and other liens, was a part of the property conveyed to the trustees. The trustees conveyed this lot to defendant Owen, and Owen thereafter collected the rent from the tenants who occupied the building. Thereafter, plaintiffs brought a statutory action to determine adverse claims against Owen, alleging that they were the owners in fee and in possession of the property and that he claimed some estate or interest therein adverse to them. Owen answered, denying plaintiffs' title and alleging that he was the owner in fee of the property and in the exclusive possession thereof. While this action was pending, the Soo railway company instituted condemnation proceedings and appropriated the lot for railway purposes. The plaintiffs, the trustees and Owen were all made parties to the condemnation proceedings; and in those proceedings the value of the property was fixed at the sum of $5,354, which the company paid into court. By stipulation between the parties, the court made an order by virtue of which the encumbrances were paid out of this fund. After paying the encumbrances,

a balance of $1,727.49 remained in the hands of the court. As the title was in dispute, the disposition of this balance was reserved to be determined later. Subsequently judgment was entered in the action between plaintiffs and Owen, adjudging that, as against plaintiffs, Owen was the owner of the property free and clear of any estate, interest or claim of plaintiffs. A certified copy of this judgment was filed in the condemnation proceedings, and thereupon the court made an order directing that the balance of $1,727.49 be paid to Owen, and it was paid to him thereunder. Afterwards, plaintiffs, claiming that the conveyance from the trustees to Owen was without consideration and fraudulent and void, brought this action to recover the $1,727.49 received by Owen as money had and received to their use. The complaint was held sufficient as against a demurrer in 115 Minn. 404, 132 N. W. 321, and the facts alleged are sufficiently indicated in that opinion. After the case was remanded, Owen answered, and the trial resulted in a finding by the court that he procured the conveyance "with the intent and purpose of cheating and defrauding plaintiffs, and without considera-tion." Judgment was directed in favor of plaintiffs for the sum of $1,727.49 and interest thereon. Defendant made a motion for a new trial which was denied. Thereafter judgment was entered and defendant appealed therefrom.

Defendant claims that the judgment in the action to determine adverse claims bars plaintiffs from recovering in the present action. If the issues presented in this action were determined by the judgment in that action, such judgment is a bar, otherwise it is not. As we understand the matter, plaintiffs sought to litigate, in that action, the identical question of fraud upon which the present action is based; but were not permitted to do so upon the ground that, under the pleadings in that action, the legal title only was involved, and that plaintiffs could not prove or establish any equitable rights under such pleadings. Both parties alleged that they held the legal title to the property; neither party alleged any facts giving rise to equit-able rights therein. If either party relied upon equitable rights, they should have alleged the facts which gave rise to such rights. Hersey v. Lambert, 50 Minn. 373, 52 N. W. 963; Stuart v. Lowry,

49 Minn. 91, 51 N. W. 662; Holland v. Netterberg, 107 Minn. 380, 120 N. W. 527; Roy v. Harrison Iron Mining Co. 113 Minn. 143, 129 N. W. 154. As the evidence offered to prove equitable rights was in fact excluded as inadmissible under the pleadings, the question as to whether plaintiffs possessed such rights was not litigated in the former action, and the judgment rendered therein does not bar plaintiffs from presenting the facts giving rise to such rights as a basis for the present action. Gerrish & Brewster v. Pratt & Bunker, 6 Minn. 14 (53); Adams v. Adams, 25 Minn. 72; Andrews v. School District No. 4 of Otter Tail County, 35 Minn. 70, 27 N. W. 303; Kerrigan v. Chicago, M. & St. P. Ry. Co. 86 Minn. 407, 90 N. W. 976; Irish American Bank v. Ludlum, 56 Minn. 317, 57 N. W. 927; State v. Cooley, 58 Minn. 514, 60 N. W. 338; Macomb Sewer Pipe Co. v. Hanley, 61 Minn. 350, 63 N. W. 744; Augir v. Ryan, 63 Minn. 373, 65 N. W. 640; Neilson v. Pennsylvania Coal & Oil Co. 78 Minn. 113, 80 N. W. 859; Arnold v. Norfolk & N. B. H. Co. 63 Hun, 176, 17 N. Y. Supp. 646; Hart v. Bates, 17 S. C. 35; Metropolitan S. & L. Assn. v. Dughi (N. J.) 49 Atl. 542; 23 Cyc. 1173.

Defendant also insists that the order made in the condemnation proceedings, directing that the money in controversy be paid to him, conclusively determined his right thereto, and bars plaintiffs from asserting the claim which they now present. But it does not appear that the issues now presented were presented, considered or determined in that proceeding. The decision made upon a motion or a summary application is not res judicata; at least unless it appears that a full hearing was had and that the issue in controversy was actually considered and determined therein. Heidel v. Benedict, 61 Minn. 170, 174, 63 N. W. 490, 31 L.R.A. 422, 52 Am. St. 592; Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170.

It appears from the evidence that, as a part of the transaction by which he acquired title to the property, defendant paid $150 to one of the trustees, and that the greater portion of this sum was used to pay taxes upon the property so that his deed could be recorded. It also appears from the evidence that the property was producing $37.50 per month in rent, and that defendant collected this rent from the time he received his deed. Defendant contends that plaintiffs

received the benefit of the $150 paid by him and that he should receive credit therefor. No claim is made in the pleadings either for rents upon the one side or for this payment upon the other, and the court made no allowance for either. The amount of rent collected by defendant does not appear, but, as the lease had over nine months to run after he began collecting it, the omission of the two items is not shown to have been to his prejudice.

It was perhaps a technical error to admit the testimony of the contractor as to the contract price for erecting the building, but this was clearly without prejudice and no ground for reversal.

The evidence is sufficient to sustain the findings and the judgment appealed from is affirmed.