O. B. ANDERSON v. BUTTERICK PUBLISHING COMPANY.[1]

January 14, 1916.

Nos. 19,568—(130).

**Extension of contract — estoppel by judgment.**

> In an action to recover for merchandise returned by the plaintiff to the defendant pursuant to a contract between them it is *held*:
>
> (1) That a purported three-year extension of the contract was without authority of the plaintiff.
>
> (2) That the case was tried upon an issue as to whether there was a three-year extension; and the defendant was not in position to claim that the original contract was automatically extended for a year by a provision in it.

[1] Reported in 155 N. W. 1045.

(3) That, for a prior judgment to operate as an estoppel upon an issue in a subsequent suit, the record must show that the determination of such issue in such a way as to be an estoppel was necessary to the judgment rendered; or it must be shown by extrinsic evidence that such issue was actually litigated and so determined; and the court did not err in excluding a judgment in a former suit in proof of the extension of the contract.

(4) The evidence sufficiently proved the return of the patterns as alleged.

Action in the district court for Waseca county to recover $81.34. The answer set up an extension of the contract mentioned in the opinion for the term of three years and a breach of the same. The case was tried before Childress, J., and a jury which returned a verdict for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John J. Spillane,* for appellant.

*Moonan & Moonan,* for respondent.

Dibell, C.

Action to recover for certain patterns returned by the plaintiff to the defendant pursuant to the terms of a contract between them. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

1. On March 19, 1908, the plaintiff and the defendant entered into a contract by which the plaintiff was to purchase of the defendant patterns and other material for his store. By its terms the contract was "to continue in force for a term of three years from date, and from year to year thereafter until it shall be terminated by either party giving the other a three months' terminating notice in writing at the expiration of any contract period, or within thirty days thereafter, this order to remain in force during said three months." The contract provided that "all patterns on hand at the expiration of the term of this order will be returnable for repurchase at three-fourths of cost in cash," etc. In September, 1910, some months before the expiration of the three years' period, the defendant's agent presented an extension contract for

three years, and it was signed, in the absence of the plaintiff and those having authority, by a young boy of 18 who was working about the store. He was without authority. He says he told the agent so, and that the agent wanted him to sign it so as to show the defendant that he had been there. The plaintiff did not know of it until long after. The extension was without effect.

2. In the pleadings, and as submitted to the jury without objection, the defendant's claim was that there had been an extension of the contract for a period of three years. As a matter of law there had not been. We think, as the record comes to us, that the defendant is not in position to claim that the contract was automatically extended for one year by reason of the provisions in the original contract. Its claim, and the one litigated, was that it had a three-year extension. The plaintiff, it is true, did not show the giving of notice sufficient to prevent the automatic extension of the contract for a year. This question was not referred to in the charge nor was it suggested that it was a question in the case. What the parties were trying was the three-year extension.

3. In January, 1913, the defendant sued the plaintiff in justice's court and recovered judgment by default. After the expiration of the three-year period the plaintiff had taken some merchandise from the defendant. It is the defendant's contention that the court erred in not receiving in evidence the justice's judgment as a determination, by way of estoppel by verdict, that there was a three-year extension.

The rule as to an estoppel by verdict, as stated by Chief Justice Start in Neilson v. Pennsylvania Coal & Oil Co. 78 Minn. 113, 116, 80 N. W. 859, is this:

"In order that a judgment in a former action should bind parties and privies by way of estoppel in a subsequent action as to a question of fact, it must appear from the judgment, or be shown by extrinsic evidence, that such question was directly involved within the issues made in the former action, and actually litigated and determined therein."

To the same effect see: Macomb Sewer Pipe Co. v. Hanley, 61 Minn. 350, 63 N. W. 744; Irish Am. Bank v. Ludlum, 56 Minn. 317, 57 N. W. 927; Augir v. Ryan, 63 Minn. 373, 65 N. W. 640; 2 Dunnell, Minn. Dig. § 5103, and cases cited.

Here there was no extrinsic evidence and we are left to an examination of the justice's record. The complaint before the justice alleged the original contract and the three-year extension of it and sought a recovery of the reasonable and agreed value of goods furnished between January 15, 1912, and July 1, 1912, and a sum remaining due on the original contract. There was judgment by default. Of course there were no findings. It does not appear from the record that the three-year extension was found, and such a finding was not necessary to support the judgment. The judgment was not an estoppel on this issue and the court did not err in excluding it.

4. The proof is sufficient of the return of the patterns for which suit is brought. The defendant acknowledged their receipt and disclaimed the right of the plaintiff to return them.

We have reviewed the case on the theory of the parties, namely, that it was necessary to a defense that there was an extension of the original contract and if there was a recovery followed. See Paxson Bros. v. Butterick Pub. Co. 140 Ga. 107, 78 S. E. 763.

Order affirmed.