## MORRIS STEINBERG AND ANOTHER v. JAMES SILVERMAN.[1]

No. 28,906.

August 12, 1932.

[1]Reported in 244 N. W. 105.

*Samuel Dolf* and *Donald E. Bridgman,* for appellants.
*Samuel P. Halpern,* for respondent.

STONE, J.

Unlawful detainer from the municipal court of Minneapolis. The judgment was for defendant. Plaintiffs appeal.

The subject matter is a laundry building, which with the equipment is owned by plaintiffs. November 22, 1924, they leased the real estate to defendant for a ten-year term. Concurrently they sold the laundry equipment to him under a conditional sales contract. Even if the two contracts be considered a unit, there is no escape from the fact that two distinct subjects are involved. On the one hand there is a lease of real property, and on the other a conditional sales contract of chattels. Both lease and contract were so framed that defendant's breach of one would be equally a breach of the other.

July 7, 1931, plaintiffs, for an alleged breach by defendant, replevied the personal property. The sheriff took possession under the writ and so returned. Actually he left the property in possession of defendant, taking his receipt therefor. That action still awaits trial on the issue of fraud in the sale of the property charged to plaintiffs by defendant's answer. September 28, 1931, plaintiffs commenced a previous unlawful detainer action. They claimed default, nonpayment of rent, under the lease and also on payments under the conditional sales contract. When that case went to trial, plaintiffs, with the approval of the court and the acquiescence if not the consent of defendant, withdrew their allegations and the resulting issue under the conditional sales contract. The trial proceeded, and the case went to judgment on the one issue of default in rent. Defendant prevailed, and in this, a second unlawful detainer action, successfully interposed below a plea of res judicata. The former judgment was held an estoppel against plaintiffs. This

second action was commenced October 27, 1931, the judgment in the first not having been entered until November 4, 1931.

■ There is a contention that the replevin action furnishes adequate support for the plea by defendant of another action pending. We cannot so hold under the special circumstances of this case. Under the conditional sales contract plaintiffs have made an effective, final election of remedies. But it is a distinct condition of the lease and a ground for forfeiture that defendant has breached, if he has, the conditional sales contract. The contract is gone, but the legal results of its breach remain. There is yet the lease upon which plaintiffs now declare and their rights under which they are entitled to enforce.

■ We cannot agree with the holding below that there is here an estoppel by judgment. Always a litigant "may avoid an estoppel by showing that a particular matter involved in the prior litigation was distinctly withdrawn, abandoned, ruled out or withheld" from consideration "so that it constituted no part of the verdict or judgment rendered thereon." Fox v. Fox, 154 Minn. 169, 174, 191 N. W. 420, 421. See also Major v. Owen, 126 Minn. 1, 147 N. W. 662, Ann. Cas. 1915D, 589; 34 C. J. 825, 826; Keating v. Springer, 146 Ill. 481, 34 N. E. 805, 22 L. R. A. 544, 548, 37 A. S. R. 175; Anno. 38 L.R.A.(N.S.) 1024.

It may be assumed that, had the issue under the conditional sales contract not been withdrawn from the field of judicial inquiry in the former action, the resulting judgment would have been an estoppel, if not a bar, against plaintiffs in this suit. But, having been expressly withheld from consideration, we hold that the case is brought within the rule above stated, and that the former judgment is not an estoppel. To hold otherwise would ignore the distinction between cause of action and remedy, two fundamentally different things which are yet "very often confounded." 2 Wds. & Phr. (1 ser.) 1015. That a breach of either lease or sales contract gave plaintiffs a cause of action is plain. Under the contract there was open the remedy of replevin. Under both lease and contract, unlawful detainer was available as the remedy but was not the

cause of action. The latter identity of remedy did not unify the plaintiffs' causes of action—in any view, not so as to subject plaintiffs to an estoppel by judgment on the issue so distinctly excluded, as matter of unequivocal record, from those adjudicated in the former action.

The judgment must be reversed and the case remanded for a new trial.

So ordered.

HILTON, J. (dissenting).

I dissent. I think there should be an affirmance on one or both of the following grounds.

(a) The replevin action was commenced on July 7, 1931, the usual bond having been given by plaintiffs. The sheriff executed the writ, took possession of the property, and made his return that he had so done. Defendant did not rebond. The circumstance that the property remained in defendant's possession, the sheriff having taken his receipt therefor, is of no moment. Plaintiffs having elected to replevin the property covered by the conditional sales contract, thus exercising one of their three rights thereunder, the contract was rescinded and came to an end; it could not thereafter furnish a ground under the lease for the maintenance of an action in unlawful detainer. See 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8651, and cases cited.

(b) The judgment in the previous action for wrongful detainer was res judicata and prevented plaintiffs from maintaining the present action for the same relief. The first unlawful detainer action was commenced September 28, 1931, and tried to a jury October 23, 1931, which returned a verdict of "not guilty" in favor of defendant. Judgment was entered thereon November 4, 1931, and no appeal taken. After the first unlawful detainer action had gone to a verdict but before judgment had been entered, plaintiffs commenced this action. It was predicated upon a default in the terms and conditions of the conditional sales contract which existed prior to the time of the commencement, prosecution, and trial of the first action. The trial court stated:

"Said default of the defendant in the terms of said conditional sales contract would still exist were it not for the fact that the court finds that the judgment rendered in the said prior action estops plaintiff from maintaining and prosecuting the present action and is res judicata as to plaintiffs' present action, and providing, also, that the replevin action in the district court * * * has no effect upon said default."

The question here involved is whether plaintiffs, having two claimed grounds for securing the restitution of the premises, which were stated in the complaint in the first action, might, before that case had been finally determined, maintain another unlawful detainer action based upon one of the said two grounds stated in that complaint. In the lease there were at least six other covenants, which if breached gave plaintiffs the right to bring such an unlawful detainer action. Manifestly, plaintiffs could not bring as many such actions at the same time as there were breaches in the lease; nor could plaintiffs bring an unlawful detainer action for one of several existing breaches, lose out in that action, and then successfully maintain a separate action predicated on one or more of such other breaches. Such a multiplicity of suits would be vexatious and is prohibited. "A man should not be twice vexed for the same cause." "It is for the public good that there be an end of litigation." 3 Dunnell, Minn. Dig. (2 ed.) § 5159.

The first action was not to recover rent claimed to be in default, but for the restitution of the premises; the second action was not to recover the claimed defaulted payments under the conditional sales contract, but for the restitution of the premises. On September 28, 1931, the date of the commencement of the first action, plaintiffs had suffered but one, if any, actionable wrong—the claimed unlawful detention of the premises. In each case the issue was whether the premises were unlawfully detained by defendant from plaintiffs because of a breach or default by defendant in the terms of the lease, whether arising from failure to pay the rent or in the terms of the conditional sales contract, on or prior to September 28, 1931. There was but one cause of action.

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. * * * They do not constitute the cause of action, but they show its existence by making the wrong appear. *'The thing,* therefore, which in contemplation of law as its *cause,* becomes a ground for action, is not the group of *facts* alleged * * * *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince.*'" Olson v. Shephard, 172 Minn. 290, 293, 215 N. W. 211, 212, and cases cited.

Both actions were predicated upon claimed breaches of covenants in the lease prior to September 28, 1931. Plaintiffs had a right to include in their complaint in the first action, and prove at the trial, all breaches existing at the time of the commencement thereof. The proving of one or more of such breaches would warrant recovery. The determination of the first action disposed of all breaches existing at the time it was commenced and established that plaintiffs were not entitled to possession; and the judgment therein, as found by the trial court, is res judicata.

The doctrine of res judicata as often announced by this court is that a judgment upon the merits in a particular action is an absolute bar to a subsequent action or suit between the same parties or those in privity with them, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented. Olson v. Shephard, 172 Minn. 290, 215 N. W. 211; Klinkert v. Streissguth, 155 Minn. 388, 193 N. W. 687; McKnight v. Minneapolis St. Ry. Co. 127 Minn. 207, 149 N. W. 131, L. R. A. 1916D, 1164; Kinzel v. Boston & D. F. L. Co. 124 Minn. 416, 145 N. W. 124; 3 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 5159, 5163, 5167, and cases cited. The citations in the majority opinion are clearly distinguishable upon the facts.

HOLT, J. (dissenting).

I dissent particularly on the ground that on July 7, 1931, plaintiffs, by replevining the property described in the conditional sales contract, then and there made the election to terminate or rescind that contract. Edward Thompson Co. v. Brown, 171 Minn. 483, 214 N. W. 284, and cases therein cited; and the later case of Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908. The replevin suit has not been dismissed. Having elected to rescind the conditional sales contract and having retaken the property, that contract is at an end and no default in its terms could thereafter arise which could operate as a cause of action under the lease. By plaintiffs' deliberate act the conditional sales contract was ended and expunged from the lease. Suppose after plaintiffs had retaken the property and disposed of it to others rent had been paid and accepted for the balance of the lease or for several months, could plaintiffs nevertheless oust defendant in an unlawful detainer action by alleging and proving a default in the terminated conditional sales contract? I think not. The jury in the first unlawful detainer action found that no rent was unpaid on September 28, 1931. By payment of the conditional sales contract, or by mutual agreement, or by plaintiffs' election to retake the property, that contract could be eliminated or severed from the lease. Plaintiffs have elected so to sever it. The proof of the pendency of the replevin action and the retaking by plaintiffs of the property was a defense to this unlawful detainer action, begun months afterward and predicated wholly on a breach of the rescinded conditional sales contract.

OLSEN, J. (dissenting).
I agree with Mr. Justice Holt.

ON APPLICATION FOR REARGUMENT.

On September 20, 1932, the following opinion was filed:

PER CURIAM.
Respondent's petition for rehearing on the merits is denied.

Appellants' petition for rehearing asks that final judgment be ordered in their favor rather than that the case be remanded simply

for a new trial. Accompanying that petition is a motion to modify our decision accordingly. That motion is granted. The case will be remanded, not for a new trial but for the amendment of the conclusions of law to put them in accord with our decision herein, so that judgment for plaintiffs for a restitution of the premises may be entered.

So ordered.