J. M. FREEMAN v. CASPER FEHR AND ANOTHER.[1]

April 20, 1916.

Nos. 19,847—(16).

Injunction — to restrain serving statutory notice of cancelation of land contract

In an action by the vendee in a contract for the sale of land to recover payments made thereunder on the theory that the vendee has rescinded the contract for fraud of the vendor, the trial court granted an injunctional order restraining the vendee during the pendency of the action from attempting to cancel the contract by giving notice under the statute. It is held:

[1]Reported in 157 N. W. 587.

(1) The order was not forbidden by the statute, though its only value to plaintiff was in case he failed to prevail in the action. It is sufficient if the injunction protected a right that plaintiff had in case he failed in the action.

(2) Plaintiff, by electing to rescind and bringing this action, did not necessarily abandon his right to affirm the contract and recover damages for the fraud. If the present action should be dismissed by plaintiff, or if he should be defeated herein on the ground of laches or that he had affirmed the contract, he could then perform and sue for the fraud.

(3) There was a sufficient showing of probable irreparable injury to plaintiff if defendant was permitted to cancel the contract during the action to warrant granting the relief asked.

(4) The order was not beyond the power of the court, and making it was not an abuse of its discretion.

Action in the district court for Renville county. Plaintiff's motion for an order restraining defendants from serving upon plaintiff *pendente lite* a notice of cancelation of the contract of sale mentioned in the complaint under section 8081, G. S. 1913, was granted, Daly, J. From the order granting the restraining order, defendants appealed. Affirmed.

*H. V. Mercer and C. J. Krause,* for appellants.

*J. M. Freeman and Morgan J. Flaherty,* for respondents.

BUNN, J.

Appeal by defendants from an order of the district court of Renville county restraining them pending the action from serving on plaintiff a notice of the cancelation under G. S. 1913, § 8081, of the contract of sale hereafter described, or in any other manner canceling the same.

The order appealed from was based upon the complaint and answer and upon affidavits. The complaint alleges that plaintiff and defendants on July 30, 1914, entered into a contract for the sale by the latter to the former of a farm in Renville county for the price of $17,664.40; $8,300 of this was in mortgages against the property assumed by plaintiff; $8,000 was to be paid in cash March 10, 1915, and the balance either in cash on said date or by plaintiff's note due in one year. It is alleged that plaintiff was induced to enter into the contract by false representations as to the absence of quack grass thereon, and the materiality of these representations, and plaintiff's reliance thereon, are fully set forth.

On January 12, 1915, the time for performance by plaintiff was extended to December 1, 1915. Plaintiff first learned of the alleged falsity of the representations about December 1, 1915, and on or about December 27 notified defendant Caspar Fehr that he would rescind the contract. The failure of plaintiff to perform on December 1 and the failure to sooner notify defendants of his decision to rescind, are excused by an allegation of the illness of defendant Caspar Fehr. The complaint then alleges payments by plaintiff on account of the contract, a payment of interest on one of the mortgages, and the expenditure of some $750 for improvements on the farm. It then alleges the tender by plaintiff to defendants of a duly-executed warranty deed of the lands, an offer to account to defendants for the rents and profits while plaintiff was in possession, a demand of defendant for "the rescission of said agreement," and the return of the payments made by plaintiff on the purchase price, and the refusal of defendants to "consent thereto." After alleging plaintiff's readiness, ability and willingness to convey the premises to defendants, and to account for the rents and profits, the complaint demands judgment for the various sums paid by plaintiff with interest, less the amount of the rents and profits, and that the contract be delivered up and cancelled.

The answer admitted the execution of the contract, the payments made by plaintiff and that there were some patches of quack grass on the farm. It alleged facts which, if true, show full knowledge on the part of plaintiff of the character of the farm, including the presence of quack grass, before the contract was executed and also tending to show laches and a waiver of the right to rescind. The reply was a general denial. The affidavit of plaintiff, upon which was based the order to show cause why a temporary injunction should not issue, alleged that defendants were about to serve upon plaintiff a notice of the cancelation of the contract under the statute, and the consequent loss to plaintiff if this was done. Defendants claimed the right to cancel the contract for plaintiff's default, admitted their intention to serve the statutory notice, and claimed irreparable injury should the injunction be issued. In a further affidavit plaintiff expressed his willingness to enter into a stipulation with defendants that a tenant who then occupied the premises re-

main during the season of 1916 and account to the successful party at the close of this litigation.

It is the argument of defendant that he had a .clear right, both under the contract and under the statute, to terminate the contract for the default of plaintiff and that the court had no power to take away or destroy this contract and statutory right. This would all be true if we leave out of consideration plaintiff's right to rescind by his own act and his right to have the contract rescinded by a court of equity. If his allegations of fraud are true, and if he is not barred by laches, he has an undoubted right to either of these remedies. It is perhaps doubtful in this case whether he claims to have rescinded by his own act, but we think the allegations amount to that. He pleads that he has "renounced" the contract, has made an offer to return what he received, and put the defendants in *statu quo,* and he seeks to recover what he parted with. Assuming his right to so rescind, or his right to that relief in equity, it is manifest that the contract and statutory right of defendants to cancel the contract disappears. Indeed, if the contract was procured by fraud and plaintiff has not affirmed it by his conduct, but has rescinded it, it is impossible to see what right defendant has to cancel the contract. It is already at an end, and there is nothing to cancel. Of course whether plaintiff has rescinded depends upon what the facts are bearing upon the question of his right to rescind. Those facts cannot be ascertained until the trial. If it then appears that there was no fraud, or that plaintiff had lost his right to rescind, the right of defendants to give the statutory notice is clear, and it is clear that such right has existed from the date of the default. If, on the contrary, plaintiff had the right to rescind, and exercised that right, not only will it avail defendants nothing to give the statutory notice of intention to terminate the contract, but plaintiff would suffer no injury if this notice were given, in view of his having elected to rescind and bringing this action before any attempt to serve the notice. It is plain then that, if the claims of plaintiff in the present action are true and he prevails, an injunction against the service of the notice would be of no value, because the notice would be an idle ceremony, the contract having been already terminated. What is the situation if plaintiff loses the present case, if it be held that his attempted rescission was invalid, either because there

was no fraud, or because of laches or ratification? It is at least unusual to seek an injunction that is not in aid of the relief asked in the suit in which it is issued, does not preserve any of the rights claimed in that suit, but has its only value in case the party asking it is defeated in the suit. But we do not sustain the position that our statute forbids a temporary injunction in a case of this kind, if it fairly appears that the failure to grant the relief may work irreparable injury to plaintiff. That service of the notice of intention to cancel, followed by nonpayment during the time allowed, would effectually terminate the contract, if the present suit fails, and cut off plaintiff's right to perform and his right to recover damages for the fraud, there can be no doubt unless we overrule Olson v. Northern Pacific Ry. Co. 126 Minn. 229, 148 N. W. 67, L.R.A. 1915, F. 962. If such a notice is served during the pendency of this action plaintiff will be forced either to abandon the present action, and perform the contract during the statutory 30 days, or go on with this case and take the chances of losing the payments made and all right to recover damages for the fraud. That this may work greatly to his injury seems clear.

It is contended that plaintiff, by electing the remedy of rescission, has abandoned the right to perform the contract and sue for damages. But this is not so. Marshall v. Gilman, 52 Minn. 88, 53 N. W. 811; International Realty & Securities Corp. v. Vanderpoel, 127 Minn. 89, 148 N. W. 895. If the present case is dismissed by plaintiff, or if it results in a decision that he has lost the right to rescind, he could then, unless prevented by a statutory cancelation, affirm the contract, perform it, and sue for damages for the fraud.

On the other hand it is not clear that defendants will suffer any appreciable damage by the temporary postponement of their right to give a cancelation notice.

We have given careful consideration to the elaborate briefs of counsel, and, while the question is quite novel and not free from doubt, we think it should not be said that the trial court had no power to grant the relief it did, or that it abused its discretion in so doing.

Order affirmed.