## B. JAMES AND ANOTHER v. JOHN R. PETTIS.[1]

November 17, 1916.

Nos. 20,071—(155).

**Prior judgment — not a bar to action.**

1. A judgment in a former action between the parties *held* not a bar to a recovery in this action, the issues being different.

**Same — not an estoppel by verdict.**

2. Such judgment did not operate as an estoppel by verdict as to a certain question of fact, as such question was not necessarily determined in the former case, nor was a decision thereof necessary to support the judgment therein.

**Trover and conversion — sale of mortgaged chattels — evidence.**

3. In an action by a mortgagee of chattels to recover damages for the conversion of the mortgaged property by a sale thereof, it is not necessary for plaintiff to prove that the mortgagee did not consent to such sale.

**Same — finding sustained by evidence.**

4. A finding of fact to the effect that the property converted was covered by the mortgage *held* sustained by the evidence.

Action in the district court for Watonwan county to recover $285 for conversion of certain hogs upon which plaintiffs held a chattel mortgage. The case was tried before Quinn, J., acting in place of the judge of the Sixth judicial district, who made findings and ordered judgment in favor of plaintiffs for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*S. B. Wilson* and *Edward C. Farmer,* for appellant.

*Haycraft & Palmer,* for respondents.

BUNN, J.

The complaint in this action alleged that plaintiffs were the owners of a chattel mortgage made by one Kannemann, covering, among other property of the mortgagor, a one-half interest in certain hogs; that the

[1]Reported in 159 N. W. 953.

mortgage was filed in the office of the register of deeds of the proper county October 11, 1913, and that defendant, on January 13, 1914, converted to his own use the hogs covered by the mortgage, of the value of $285. After alleging demand and refusal to return, judgment is asked for $285, with interest and costs. The answer admitted the ownership of the chattel mortgage by plaintiffs, the demand and refusal to comply therewith, and, after a general denial, as a further defense, pleaded a verdict and judgment in favor of the defendant in a former action for the same cause. The issues were tried before the court and a jury, but after the evidence was in, by agreement of counsel, the jury was discharged, and the case submitted to the court for decision. The decision afterwards filed was in favor of plaintiffs, the trial court finding a conversion as alleged, and that the judgment in the former action was not a bar or estoppel. Defendant appeals from an order denying his motion for a new trial.

We treat the amended assignments of error as sufficient to present the questions raised. The first of these questions, is as to the effect of the judgment in the former action as a bar or an estoppel by verdict. The complaint in the former case, instead of alleging a conversion by defendant of the hogs covered by plaintiffs' chattel mortgage, as does the complaint in the present case, charged that the mortgagor, without the consent of plaintiffs, sold a part of the hogs for the sum of $302.50, and delivered this money to defendant; that defendant, though knowing that the money came from the sale of the mortgaged hogs, converted it to his own use. The answer was a general denial. The evidence tended to show that the mortgagor sold the hogs to defendant, and received payment therefor. Plaintiffs endeavored to prove that the money from this sale was delivered back to defendant and converted by him. The case was submitted to the jury. One of the important questions litigated and submitted for decision was whether plaintiffs had consented to the sale of the mortgaged property. The court instructed that if there was no such consent, and defendant, with knowledge that the money was the proceeds of the sale of property covered by the mortgage, converted it to his own use, the verdict should be for plaintiffs. Near the close of its charge, the court, after referring to the fact that the evidence showed that defendant himself purchased the hogs, gave this instruction: "I will charge you

that you cannot bring in a verdict against defendant in this case on the ground that he purchased this mortgaged property, that is not what this suit is for." In other words, the jury, to find for plaintiff, must find that defendant received and converted to his own use the proceeds of the sale. No exception was taken to this instruction. The verdict was for the defendant, and judgment was entered thereon.

It is thus seen that a vital issue in the present case, made by the pleadings, litigated and decided by the court, was not involved in the former action. This is the issue of whether defendant converted the hogs to his own use, that is, purchased them from the mortgagor with knowledge that they were mortgaged property. This issue was not made by the pleadings, litigated or submitted to the jury in the former case. On the contrary, the jury was explicitly instructed that such issue was not in the case. It follows clearly enough under our decisions that the former judgment was not a bar. Leonard v. Schall, 132 Minn. 446, 157 N. W. 723, and cases cited.

It is urged, however, that the former judgment operates as an estoppel by verdict on the other issue in the case, the question of fact as to whether plaintiffs consented to the sale of the mortgaged property. This contention is also disposed of by Leonard v. Schall, and the cases referred to therein. The language quoted from Neilson v. Pennsylvania C. & O. Co. 78 Minn. 113, 80 N. W. 859, and from Irish American Bank v. Ludlum, 56 Minn. 317, 57 N. W. 927, need not be repeated here. It is sufficient to say that a decision of this question was not necessary in the former case, as a verdict for defendant would necessarily result from a finding that he did not convert the proceeds of the sale, without reference to how the question of consent should be determined. As a finding on this issue was not necessary to support the judgment rendered, such judgment does not operate as an estoppel by verdict on such issue.

The next question arises from the contention of defendant that his motion to dismiss should have been granted, on the ground that the evidence did not show that the mortgagees had not consented to the sale of the mortgaged property. In other words, the claim is that the burden of proof was upon plaintiffs to negative consent. This position is untenable. There is no presumption that a mortgagee has consented to a sale of the mortgaged property by the mortgagor. The burden of proof on this issue was upon defendant. McNeil v. Finnegan, 33 Minn. 375,

23 N. W. 540; Partridge v. Minnesota & D. El. Co. 75 Minn. 496, 78 N. W. 85; Herrick v. Barnes, 78 Minn. 475, 81 N. W. 526.

Finally it is contended that the amount of the recovery should in any event be limited to one-half the value of the hogs converted, because the mortgage covered only an undivided half interest in the hogs described therein. But the court found that the animals converted by defendant were part of the one-half interest owned by the mortgagor and covered by the mortgage. There was evidence that the owner of the other half interest received his share of the animals, and it is undisputed that defendant paid all the money from the sale to the mortgagor. The finding is sustained by the evidence.

We have covered all of the assignments of error that are sufficient to raise any questions, with the result that we find no ground for reversal.

Order affirmed.