## JOHN PRZYBLYSKI v. J. S. PELLOWSKI.[1]

### December 13, 1918.

### No. 20,970.

**Sale — severable contract — rescission — judgment not a bar — damages.**

By false and fraudulent representations that a farm contained a certain acreage and was free from floods, defendant induced plaintiff to enter a written lease for a term of years, and to accept a bill of sale of certain live stock and personal property situated on the farm. It is *held*:

(1) The transaction was severable so that plaintiff could, after knowledge of the fraud, rescind the one contract and affirm or ratify the other.

(2) The findings and pleadings in a former suit to rescind both contracts make clear that the judgment therein, rescinding the lease, is not a bar to this action for recovery of damages sustained in respect to the personal property by reason of the farm being subject to floods; it appearing that plaintiff's cause of action for a rescission of the bill of sale had been extinguished when he, after knowledge of the fraud, disposed of some of the property described therein, for which reason the court specifically relegated the plaintiff to an action for damages and refused to award any special damages.

(3) Plaintiff was not entitled to recover as damages herein the value of the feed consumed by the live stock while he occupied the farm.

Action in the district court for Winona county to recover $3,180. The answer alleged, among other matters, that on February 27, 1917, judgment was rendered in an action between the same parties; set up that judgment as a bar to the present action, and interposed counterclaims for $276.10. The case was tried before Callaghan, J., who made findings and ordered judgment in favor of plaintiff for $1,578.25. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed and remanded with directions.

*Brown, Abbott & Somsen,* for appellant.

*Webber & Lees,* for respondent.

[1]Reported in 169 N. W. 707.

141 M.—13.

HOLT, J.

In the fall of 1915, plaintiff rented a farm from defendant for three years, a written lease being executed. Defendant also, at the same time, sold to plaintiff certain live stock and personal property for the sum of $3,600. This transaction was evidenced by a formal bill of sale. Possession of the farm and personal property was taken at once. The next spring the Mississippi river overflowed, and the farm, which borders the east bank of the river, was entirely inundated, except where railway embankments existed. Sixteen head of plaintiff's cattle were drowned, also some hogs and chickens; and certain personal property was carried away or destroyed by the flood. Plaintiff was put to considerable extra labor and expense in caring for the stock during the flood and in removing the animals he succeeded in saving. He was also compelled to remove his family because of the waters. He did not return, but abandoned the leased premises; and, in August, 1916, brought an action for rescission of the lease and the bill of sale, alleging that he was induced to enter the lease and accept the bill of sale, because of defendant's false and fraudulent representations that the farm consisted of 500 acres, that 400 tons of hay could be grown thereon, and that it was not subject to overflow, when in truth and fact it contained no more than 180 acres, upon which it was not possible to raise near 400 tons of hay, and that it was subject to inundations. In addition to rescission, the relief asked was for a recovery of the amount paid on the lease, and that plaintiff be permitted to return the stock and personal property described in the bill of sale, except the animals drowned in the flood, and except the feed and hay which had been fed to the stock. Special damages of $500 for extra work connected with caring for the stock during the flood, $25 for cutting fence posts as required in the lease, and $205 for hay and corn removed by defendant were also set out, and then there was a general allegation of damages in the sum of $1,000.

The cause was tried to the court in the fall of 1916, and judgment was entered that the lease be canceled and rescinded, and that plaintiff recover rent paid thereunder, to-wit, $174 and $31.62 costs. The judgment adjudicated nothing in respect to the bill of sale or as to the other damages alleged. The amended findings upon which the judgment

was entered, insofar as material upon the question involved in this appeal, read as follows. viz.:

"That the defendant's false representations as to the acreage in said farm and as to the number of tons of hay the same would produce, and the defendant's representations as to the land not being subject to overflow, and the subsequent drowning of the stock and flooding of the premises and buildings by the rising water, were good and sufficient grounds to justify the plaintiff in abandoning said premises. That the description of the property and acreage in said farm as described in said lease was so inserted therein because of the voluntary acts and statements of the defendant, and that the words 'being about 400 acres of land' therein were and are an essential part thereof. The court further finds, however, that in May, 1916, after the farm had been flooded and submerged and after the plaintiff had discovered that the defendant only had 180 acres instead of 400 or 500 acres, the plaintiff held an auction sale and sold off a large amount of the personal property which he purchased of the defendant, said sale including among other things about 16 cows, about 10 hogs and about 15 head of young heifers, steers and calves; that by such voluntary selling of a substantial part of the personal property purchased of defendant, after the plaintiff had discovered the fraud that had been practiced upon him, the plaintiff waived his right to a rescission of the bill of sale of personal property purchased by him of the defendant, and plaintiff's only relief in that regard was in a suit for damages."

Shortly after the entry of the judgment in the rescission suit this action was begun to recover damages sustained with respect to the property covered by the bill of sale, because of defendant's misrepresentations, In both actions the same allegations of fraud and misrepresentations are made, and also that plaintiff had no use for any part of the personal property, and would not have purchased the same except as it could be used upon that farm. In the present action it is alleged that the flood waters of the spring of 1916 drowned 16 cattle, 5 hogs and certain fowls, destroyed or carried away a large amount of plaintiff's other personal property; that the flood necessitated a great deal of extra labor and expense in caring for his live stock and personal property; and that he was compelled to dispose of the personal property purchased of defendant at a sacrifice, and by reason of said facts plaintiff sustained damages in

the sum of $3,000. Defendant pleaded the judgment in the former suit in bar and as an estoppel to any relief. The court found against him on this issue as to the property destroyed or damaged by the flood, holding that plaintiff was entitled to recover therefor $802.25, also that a recovery should be had for the help necessarily procured in moving the stock and for moving his family and property to a place of safety, and for caring for the stock when marooned on the railroad embankment for two weeks, during which time he had to take the necessary feed over to them in a row boat, in all the sum of $100. The court also allowed plaintiff to recover $666, the value of the hay and feed consumed by the stock during the time he remained on the farm. Defendant appeals from the judgment.

All the assignments of error, save one, are directed to the proposition that the adjudication in the rescission suit is a bar to the recovery of damages here involved, and this without regard to whether the several items thereof were actually litigated or not. The law is well settled that if plaintiff had but one cause of action and partial relief only was had upon that cause of action in a former suit, it is a bar to any further relief. Thompson v. Myrick, 24 Minn. 4; Pierro v. St. Paul & N. Pac. Ry. Co. 39 Minn. 451, 40 N. W. 520, 12 Am. St. 673; Veline v. Dahlquist, 64 Minn. 119, 66 N. W. 141; King v. Chicago, M. & St. P. Ry. Co. 80 Minn. 83, 82 N. W. 1113, 50 L.R.A. 161, 81 Am. St. 238; Liimatainen v. St. Louis R. D. & Imp. Co. 119 Minn. 238, 137 N. W. 1099; and Kinzel v. Boston & D. Farm Land Co. 124 Minn. 416, 145 N. W. 124.

There were two transactions between plaintiff and defendant on October 12, 1915. The one was the lease, the other the transfer of certain personal property. Each transaction was evidenced by a written instrument. Neither instrument referred to the other. They were separate and independent contracts. It does appear, however, that the bill of sale would not have come into being but for the lease, and that the same false and fraudulent representations induced plaintiff to execute the lease and to accept the bill of sale. But the transactions are so far distinct and separate that plaintiff might, upon discovery of the fraud perpetrated upon him, elect to rescind the one and affirm the other. The first suit was plainly one for rescission of both contracts and a restoration of what

plaintiff had parted with as to each. Incidentally, and properly, certain special damages were alleged. The question is, did those damages, in view of the course the litigation took, survive the judgment?

In considering the scope and effect of the judgment in the former suit the pleadings and findings should be examined. When that is done it becomes plain that no rescission could be decreed as to the bill of sale. Plaintiff had elected to affirm that contract and had no cause of action for rescission thereon. He still had his action for damages on account of the fraud which induced the purchase of the personal property, and it is clear that the findings were so drawn that it was intended that the judgment to be entered was not to deprive him of that cause of action. It is also evident that the judgment does not include any special damages whatever, the recovery awarded being limited to the rent paid upon the lease. It is, perhaps, to be inferred that the court was of the opinion that since nearly all the special damages pertained to the property conveyed by the bill of sale and grew out of the effect of the misrepresentations as to freedom from inundations, and since plaintiff must seek redress in an action at law, all such damages should be determined therein. We think by acquiescing in findings evidencing this determination of the court both parties are concluded, and defendant is estopped from now asserting that the judgment is a bar to the special damages sustained. The record herein indicates that defendant took the position in the former suit that no relief and no damages could be awarded therein, because of the affirmance of the sale of the personal property after knowledge of the fraud.

There is, however, one item of damages awarded by the court to which defendant justly objects, namely, the item of $666, the value of the hay and feed consumed by plaintiff's stock while he held possession. Had plaintiff not forfeited his right to rescind the bill of sale, the stock could have been considered as defendant's, and plaintiff held entitled to recover the feed and care given the animals upon a decree of rescission being entered. But here he has placed himself in a position where the animals were his irrevocably during all the time they were consuming this feed, and surely he must stand the expense of feeding his own stock. It is not claimed that this amount represents extra feed necessitated by the flood. We see no way of sustaining the recovery of this item.

The judgment is reversed and the cause remanded with directions to eliminate from the findings the item for hay, grain and other feed fed to the cattle during the time plaintiff occupied defendant's premises, to diminish the damages awarded by the sum of $666, and to enter the judgment accordingly.