## DORA FOX v. GEORGE FOX AND ANOTHER.[1]

January 5, 1923.

No. 23,179.

**Breach of contract for maintenance—former judgment for past due instalment not a bar in this action.**

In an action on a contract, which required defendants to furnish plaintiff with a home and the necessaries of life and to pay her $50 annually, plaintiff recovered a judgment for the instalments due when the action was commenced. The complaint alleged that defendants

[1]Reported in 191 N. W. 420.

had failed to support plaintiff or make the stipulated payments, and a recovery of damages for the default in both particulars was sought, but the trial court withdrew the first claim because there was no proof of damages resulting therefrom. In a subsequent action, wherein it was sought to terminate the contract, recover the instalments which subsequently fell due and general damages, the former judgment was pleaded as a bar. *Held*:

(1) That, save as to the claim for past due instalments, the judgment was in effect one of dismissal, and not one on the merits.

(2) That, even though the judgment had been on the merits, an estoppel was avoided by the showing that the claim for damages for failure to furnish support had been withdrawn from the jury.

Action transferred to the district court for Redwood county to recover $3,000 for breach of contract for maintenance. The case was tried before Olsen, J., who when plaintiff rested denied defendants' motion to dismiss the action and at the close of the testimony denied their motion for a directed verdict, and a jury which returned a verdict for $1,000. Defendants' motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*A. C. Dolliff*, for appellants.

*C. S. Strom* and *A. R. A. Laudon*, for respondent.

LEES, C.

Action for damages for breach of a contract for maintenance. Plaintiff recovered a verdict and defendants have appealed from the judgment entered thereon.

The defendants are husband and wife. Plaintiff is the mother of the first named defendant. The contract was made in the year 1910. It obligated defendants to provide plaintiff, during her lifetime, with a home, care and the necessaries of life, and to pay her $50 annually. In the year 1919 she brought an action against defendants in the district court of Cottonwood county, alleging a total breach of the contract, and obtained a judgment, which was paid. Thereafter she brought the present action, alleging that defendants had repudiated the contract in August, 1918. She pleaded the

former recovery, payment of the amount recovered, the reasonable value of the benefits she would have derived from the performance of the contract, her election to terminate it for defendants' failure to perform, and prayed for judgment for $3,000 damages. Defendants answered, setting up the former judgment as a bar. The court ruled that it was not a bar. The only question before us is whether this ruling was correct.

The judgment roll and the court reporter's transcript of the evidence and proceedings at the trial of the first action were introduced in evidence. It appears therefrom that, except as to the provision for the annual payments, no evidence was offered to show what damage plaintiff had sustained by reason of defendants' failure to perform the contract. It also appears that the court instructed the jury that the only question they were to pass upon was whether defendants were in default in such payments and, if so, in what amount. At the close of the instructions, addressing plaintiff's counsel, the trial judge said:

"If you wanted to terminate this contract it was necessary to show what she had to pay out for her keeping after they refused to keep her. * * * I have nothing to submit to the jury and consequently I had to withdraw it from the jury."

Whereupon plaintiff's counsel said:

"We do not care to terminate the contract between the parties."

The vital question, therefore, is: Did the judgment for the instalments, which had accrued when the first action was commenced, operate as a bar to the present action? Defendants assert that the judgment was on the merits, and determined all the issues presented by the pleadings. They apply the test that to determine whether a former judgment is a bar the court will inquire whether the same evidence would sustain the former and the present action, and insist that it would. They invoke the rule that a former judgment is a bar not only as respects matters which were actually litigated, but also as respects matters which might have been litigated in the former action. They call attention to the pleadings in the former action, and urge that under them plaintiff might have liti-

gated the same matter which is involved in the present action. They insist that she had but one entire cause of action which could not be split up into several suits, and that, although the recovery was but partial, it is effectual as an estoppel. They say that the maxim that a man shall not be twice vexed for the same cause should be given effect.

On the other hand, plaintiff contends that the annual payments of $50 were clearly severable from the remainder of the contract; that the contract was a continuing one, binding the defendants to support her as long as she lived, and that defendants are liable for all breaches thereof occurring while the contract remained in effect, and that by the withdrawal of all of her claim, when the first action was tried, except that which related to the past due instalments, nothing was in fact litigated except the amount due on that account. For these reasons, it is contended that the case falls within a recognized exception to the general rule that all issues which were involved and could have been litigated in a former action are concluded by the judgment therein.

Defendants rely on familiar legal principles which have often been stated. Swank v. St. Paul City Ry. Co. 61 Minn. 423, 63 N. W. 1088; Veline v. Dahlquist, 64 Minn. 119, 66 N. W. 141; Kinzel v. Boston & D. F. L. Co., 124 Minn. 416, 145 N. W. 124; Sheets v. Ramer, 125 Minn. 98, 145 N. W. 787; Vineseck v. Great Northern Ry. Co. 136 Minn. 96, 161 N. W. 494, 2 A. L. R. 530. Plaintiff relies on less familiar principles. It is well settled that the doctrine of res judicata is grounded on estoppel. There is a difference between the effect of a judgment as an estoppel against the prosecution of a second action upon the same demand and its effect as an estoppel in another action between the same parties upon a different demand. In the first instance the judgment, if rendered on the merits, is an absolute bar to a subsequent action as to every matter offered, or which might have been offered, to sustain or defeat the claim. In the second instance it operates as an estoppel only as to those matters in controversy which were actually litigated and determined in the former action. Leonard v. Schall, 132 Minn. 446, 157 N. W. 723, 4 A. L. R. 1166. Was the former judgment rendered

on the merits or was it in effect a dismissal of the action save as to the claim for past due instalments? The rule is that a dismissal before final submission is not a bar to a subsequent action, County of Morrison v. Lejouburg, 124 Minn. 495, 145 N. W. 380, and that to take a case from the jury because the evidence offered by plaintiff falls short of a prima facie showing of a right of recovery under the pleadings is not a disposition of the case on the merits, and the judgment will not support a plea of res judicata. Andrews v. School District No. 4, 35 Minn. 70, 27 N. W. 303; 2 Dunnell, Minn. Dig. § 5180.

To ascertain whether the former judgment was rendered on the merits, the record of the action will be examined. Andrews v. School District No. 4, supra; Przybylski v. Pellowski, 141 Minn. 193, 169 N. W. 707. In the case at bar, such examination indicates that, if plaintiff's only demand had been one for damages for failure to furnish her with a home and the necessaries of life, the action would have been dismissed, not because defendants had performed their contract, but because plaintiff had not proved what she had lost as the result of their breach of it in this particular. In other words, she would have failed, not because she did not have a good cause of action, but by reason of her failure to supply proof of damages. Viewed from this standpoint, the judgment was not on the merits insofar as it related to plaintiff's cause of action for the failure to furnish her with a home and the necessaries of life, if that cause of action was withdrawn from the jury. If the cause of action, when the first suit was begun, was entire and indivisible and was but partially presented to the court, it would be true that the judgment would nevertheless determine all of the rights of the parties under the contract. Thompson v. Myrick, 24 Minn. 4; McKnight v. Minneapolis St. Ry. Co. 127 Minn. 207, 149 N. W. 131, L. R. A. 1916D, 1164. But, as we read it, defendants were obligated to do several things. Insofar as they had promised to provide plaintiff with a home and the necessaries of life, they were under a continuing obligation to do so from day to day. Insofar as they promised to pay her $50 a year while she lived, their obligation ripened into a cause of action from year to year. If they had

provided her with a home and support, but failed to pay the annual instalments, she would have a cause of action separate and distinct from the one she would have if they paid the money, but refused to furnish support and a home. It follows that an action would lie upon each default, for, although the agreement was entire, the performance was several and the contract divisible in its nature. McEvoy v. Bock, 37 Minn. 402, 34 N. W. 740; Doescher v. Spratt, 61 Minn. 326, 63 N. W. 736; H. W. Wilson Co. v. Farnham, 97 Minn. 153, 106 N. W. 342; 15 R. C. L. 967.

Viewing the case from another angle, a further obstacle is presented which defendants cannot well surmount. A doctrine generally approved by the courts is that, where a former judgment is set up as a bar, plaintiff may avoid an estoppel by showing that a particular matter involved in the prior litigation was distinctly withdrawn, abandoned, ruled out or withheld from the consideration of the jury so that it constituted no part of the verdict or judgment rendered thereon. Kinzel v. Boston &c. Co. supra; Major v. Owen, 126 Minn. 1, 147 N. W. 662, annotated in Ann. Cas. 1915D, 589; 23 Cyc. p. 1312; Black, Judgments, § 620. Obviously the doctrine is just. It would be a perversion of the res judicata rule to hold that a judgment is a bar to a subsequent action to recover upon a claim which neither court nor jury has ever considered or determined on the merits. There is some criticism of Major v. Owen in Miller v. Belvy Oil Co. 248 Fed. 83, 160 C. C. A. 223, but even in that case the doctrine it sanctions is recognized. These considerations are decisive of the present case.

The ruling of the learned trial judge was right and the judgment is, therefore, affirmed.