J. E. ROSS v. AMIRET FARMERS ELEVATOR COMPANY AND ANOTHER.[1]

June 28, 1929.

No. 27,360.

[1]Reported in 226 N. W. 417.

94

 

*Hall & Catlin,* for appellants.
*Charles L. DeReu,* for respondent.

OLSEN, C.

Appeal by defendants from an order denying their motion for a new trial.

Plaintiff, under a bill of sale and assignment of a farm renting contract, was the owner and entitled to the possession of a quantity of oats of the value of $366.36 in the possession of the defendant Amiret Farmers Elevator Company, hereinafter referred to as the elevator company. While plaintiff held the bill of sale and assignment as security, he had legal title to the oats. The elevator company disposed of the oats and, without the consent of or any authority from the plaintiff, paid over the proceeds or price thereof to defendant Neill, who converted the same. A conversion of the oats and the proceeds thereof appears to be established. The elevator company and Neill had full notice and knowledge of plaintiff's ownership and claim prior to and at the time of the conversion. After such conversion the plaintiff brought an action against the elevator company only, alleging in his complaint that the elevator company was indebted to him in the sum of $366.36 for oats sold and delivered by him to the company of the reasonable and agreed market value of $366.36. Plaintiff, at the time he brought such action, had knowledge of the conversion.

The evidence in the former case is not before us. While the complaint in that case may have been sufficient to entitle the plaintiff to recover on the theory that he waived the conversion and sued to recover on an implied contract for the value of the property or its proceeds, the suit seems not to have been tried or decided on that theory. The findings and judgment therein contain some findings tending to show a conversion, but no findings that there had been any conversion or that the plaintiff had waived the conversion and brought suit on implied contract. The court thereupon

expressly found that the plaintiff did not at any time sell oats to the elevator company and that the company was therefore not indebted to the plaintiff, and judgment for defendant was entered accordingly. It appears quite clearly that the court held that the plaintiff had mistaken his remedy and could not recover without proving an express contract of sale between plaintiff and the elevator company. There appears to have been no decision on the merits of any cause of action for conversion or for recovery on an implied contract and a waiver of the conversion. In its memorandum attached to the findings the court states that the complaint is that plaintiff sold and delivered oats to defendant of the value of $366.36; that the parties stipulated that the sale was actually made by one Poublon; and that this is a failure of proof of the cause of action alleged in the complaint. In that situation we are not called upon here to go farther than to hold, as held by the trial court both in the prior action and in this action, that in the former action the plaintiff mistook his remedy and brought an unsuccessful suit to recover on a mistaken theory. Thereafter this action was brought against both defendants to recover for the conversion of the oats and proceeds. Defendants plead the former adjudication as a bar and as an election of remedies.

■ This court has gone perhaps as far as any of the courts in holding that a judgment on the merits is conclusive between the parties not only as to questions actually litigated but as to all questions within the issues whether formally litigated or not. See Hoofnagle v. Alden, 170 Minn. 414, 213 N. W. 53.

The first requisite, in order to constitute a bar by former judgment, is that the former judgment must be a decision on the merits; hence many exceptions and limitations have grown up, limiting the broad rule that the judgment is a bar not only as to questions actually litigated, but as to all questions within the issues whether formally litigated or not. Where the plaintiff fails in the first suit because he has mistaken his remedy or because he has proceeded on an erroneous theory of law, or where the issue in the second case was withdrawn from consideration by the court or jury in the first

action, the prior judgment is not a bar because there has been no decision on the merits of the issue presented in the second suit.

In determining the conclusiveness of a prior judgment, the record is examined to determine what issues were intended to be and were decided in the case. Vicksburg v. Henson, 231 U. S. 259, 34 S. Ct. 95, 58 L. ed. 209; United Shoe Mach. Corp. v. U. S. 258 U. S. 451, 42 S. Ct. 363, 66 L. ed. 708; Oklahoma v. Texas, 272 U. S. 21, 47 S. Ct. 9, 71 L. ed. 145.

If the first suit was disposed of on any ground which did not go to the merits of the action, the judgment rendered is not a bar to another suit. Hughes v. U. S. 4 Wall. 232, 18 L. ed. 303.

There is no reason why a party who failed in an attempt to recover on one theory, because unsupported by the facts, should not be permitted to recover on another for which the facts afford ample basis. Southern Pac. Co. v. Bogert, 250 U. S. 483, 39 S. Ct. 533, 63 L. ed. 1099.

Where in an action to recover for services under an express contract judgment goes against the plaintiff on the ground that the contract had not been completed, such judgment is not a bar to a second action to recover the reasonable value of the same services. Water, L. & G. Co. v. City of Hutchinson (C. C. A.) 160 F. 41, 19 L.R.A. (N.S.) 219.

34 C. J. p. 776, § 1194, "When judgment not on the merits;" p. 806, § 1227, "Theory of action or recovery;" and p. 815, § 1232, "Limitation of, and exceptions to, rule," state the different situations in which former judgments have been held not to bar subsequent actions, and cite the cases. It is stated that a judgment is not a bar if the case went off on any preliminary, subsidiary or technical plea or objection, or because plaintiff has misconceived his remedy, or has been defeated in an action brought on a certain theory of his legal rights, or as to the legal effect of a given transaction or state of facts, through failure to substantiate his view of the case. Where suit was brought for the price of property and plaintiff failed to prove a sale, he is not barred from bringing a new action for its use or detention. If plaintiff misconceived his remedy

and is defeated on that ground, it is not an adjudication on the merits and he is not barred. In some cases it is held that the former judgment is not a bar where the new action, although based on the same facts, is brought on a different theory as to the legal consequences of such facts or the relative rights of the parties.

The question of bar or estoppel by former judgment has frequently been before this court. Only a limited number of such cases need here be considered or cited.

In West v. Hennessey, 58 Minn. 133, 136, 59 N. W. 984, the court said:

"The judgment in favor of defendants in the former action merely determined that the facts were not as alleged in the complaint. It is not an uncommon occurrence that a party, under a mistake of law or fact, attempts to recover by alleging a certain state of facts as his cause of action, and is defeated; but this is no bar to his recovery on another statement of facts, constituting a different cause of action, although the transaction referred to and the relief sought in both actions are the same."

Rossman v. Tilleny, 80 Minn. 160, 83 N. W. 42, 81 A. S. R. 247, is one of the cases holding that an adverse verdict or judgment in an action to recover for services rendered under an alleged express contract is not a bar to a subsequent action to recover the reasonable value of the same services.

In Stitt v. Rat Portage Lbr. Co. 101 Minn. 93, 111 N. W. 948, the plaintiff had brought a suit to recover for services under a specified express contract. Defendant admitted that services had been performed, but alleged that such services were performed under another and different contract, set out in the answer. The court instructed the jury that if they found the services were performed under the contract alleged by plaintiff, they should return a verdict for plaintiff; but if they found the services were performed under the contract pleaded by defendant, then they should find that plaintiff was not entitled to recover. The jury found for the defendant and judgment was so entered. Plaintiff then brought suit to recover for the same services upon the contract set up by

defendant in the former action, and the former judgment was held not a bar.

In Major v. Owen, 126 Minn. 1, 147 N. W. 662, Ann. Cas. 1915D, 589, plaintiff brought suit to quiet title, alleging ownership in general terms. It appeared that the legal title was in defendant. Evidence to show that plaintiff was the equitable owner was excluded by the court, and judgment was rendered that defendant was the owner of the property. This was held not to bar plaintiff from bringing a subsequent action to establish his equitable title.

In Leonard v. Schall, 132 Minn. 446, 157 N. W. 723, 4 A. L. R. 1166, plaintiff brought action to recover for services and alleged both an express contract and quantum meruit. At the trial plaintiff was required to elect, and elected to rely on quantum meruit. Defendant claimed the services had been performed under an express contract and had been paid for. The jury were instructed that they could find a verdict for plaintiff only in case they found the services had not been performed under an express contract and had not been paid for. A general verdict for defendant was returned and judgment thereon entered. Plaintiff then brought a second suit to recover for the same services under the express contract claimed by defendant in the prior suit. Plaintiff was held not barred by the former judgment. It was held that, if the verdict in the former suit was based on the ground that an express contract existed between the parties and plaintiff could not recover on that account, then the issue in the second suit was not determined thereby.

In James v. Pettis, 134 Minn. 438, 159 N. W. 953, plaintiff brought an action charging that the mortgagor of chattels, without the consent of the mortgagee, sold part of the mortgaged property and delivered the money therefor to the defendant, and that defendant, with knowledge of the mortgage, converted the money. There was a verdict and judgment for defendant. Plaintiff then brought the second suit for conversion, alleging that defendant had converted, not the money, but the mortgaged property. The former adjudication was held not a bar or estoppel because the same issue had not there been determined.

In Przyblyski v. Pellowski, 141 Minn. 193, 169 N. W. 707, plaintiff brought a suit to rescind a lease and bill of sale, to recover amounts paid on the lease, and for other damages, on account of fraud. The case was tried and judgment rendered canceling the lease and for recovery of rents paid. The judgment adjudicated nothing in respect to the bill of sale of personal property. It was held not a bar or estoppel against a second suit for the same fraud to recover damages on account of the sale of the personal property, because that issue was not actually litigated or determined in the first suit.

In Fox v. Fox, 154 Minn. 169, 191 N. W. 420, plaintiff brought a first action to recover for breach of a contract which provided for the support of the plaintiff and in addition thereto for the payment to her of stated sums in money. Recovery was sought for the payments in default and also damages for the failure to furnish support. The court withdrew from the jury the question of damages for failure to furnish support on the ground that there was no evidence as to the amount of such damages, but awarded judgment for the money payments in default. The court held that because the issue as to damages for nonsupport was withdrawn from the jury the former judgment was not a bar or an estotppel against a second action to recover damages for the failure to support. The court said [154 Minn. 174]:

"A doctrine generally approved by the courts is that, where a former judgment is set up as a bar, plaintiff may avoid an estoppel by showing that a particular matter involved in the prior litigation was distinctly withdrawn, abandoned, ruled out or withheld from the consideration of the jury so that it constituted no part of the verdict or judgment rendered thereon. * * * It would be a perversion of the res judicata rule to hold that a judgment is a bar to a subsequent action to recover upon a claim which neither court nor jury has ever considered or determined on the merits."

In the case we are now dealing with, in the former adjudication the court clearly withdrew and excluded from consideration any question as to the right of the plaintiff to recover for a conversion

of the property and considered and adjudicated only that the plaintiff had failed to prove any right to recover on an express contract of sale, had failed to prove such sale. The fact that the issue as to conversion was excluded and withheld by the court, instead of withdrawn from the jury, there being no jury trial, can make no difference. The Fox case, 154 Minn. 169, 191 N. W. 420, is applicable and should control this case.

In Leach v. Leach, 162 Minn. 159, 202 N. W. 448, there was a suit to recover the principal and interest on a note. There was a successful defense against recovery for the principal of the note, but liability for the interest payments was held to be undisputed. The trial court ruled that if there was no liability for the principal there could be none for the interest. The jury found a general verdict for defendant. This court held such ruling to be error but that a judgment to be entered on the verdict would not bar a subsequent action to recover the interest.

Jordahl v. Berry, 72 Minn. 119, 75 N. W. 10, 45 L. R. A. 541, 71 A. S. R. 469, holds that a judgment for services performed by a physician is not a bar to an action against him for malpractice in rendering the same services.

In Luebke v. J. I. Case T. M. Co. 178 Minn. 40, 226 N. W. 415, defendant had brought an action in replevin against plaintiffs. In the former action the defense was that the chattel mortgage on which the suit was brought had been obtained by fraud. The court found for the plaintiff in that action and held the defense of fraud not established or tenable. The judgment in the former suit was held not a bar to a subsequent action by the defendants in the former action to recover damages for the same fraud, because the former decision was based on another ground.

Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412, holds that a judgment in favor of the wife for a separation, on the ground of cruel treatment by the husband, is not a bar to a second action by the husband for a divorce on the ground of cruel treatment by the wife.

We are aware that there is some confusion in the matter of observing the distinction between the bar or estoppel by former judg-

ment and the estoppel by verdict. But in each of the cases cited there was a former judgment and the court must have considered the more inclusive rule as to bar by judgment rather than the more limited rule as to estoppel by verdict.

■ Defendants contend that the former action was an election of remedies and that plaintiff, having elected to waive the conversion, the tort, and sue as upon an implied contract for the price or value of the property; cannot now sue for a conversion thereof. What has already been said on the question of bar or estoppel practically disposes of that claim. By the adjudication in the prior action plaintiff was in effect denied the right to make such an election and was held to an action on express contract. His election, if any was ever intended, went for naught. His complaint in the former action does not state or indicate on its face any waiver of the tort or election to sue on an implied contract.

There are expressions in some of our cases to the effect that an election of remedies once made cannot be rescinded or withdrawn, but such expressions are based on the facts in each case. That the mere bringing of an unsuccessful action on a given theory is not a conclusive election of remedies is recognized in In re Van Norman, 41 Minn. 494, 43 N. W. 334; Marshall v. Gilman, 52 Minn. 88, 53 N. W. 811; International R. & S. Corp. v. Vanderpoel, 127 Minn. 89, 148 N. W. 895; Freeman v. Fehr, 132 Minn. 384, 157 N. W. 587; and George A. Hormel Co. v. First Nat. Bank, 171 Minn. 65, 70, 212 N. W. 738. In the case last cited it is stated:

"An attempt to pursue a particular remedy which fails or is abandoned because the party either did not possess that remedy or had lost the right to enforce it does not bar him from pursuing another inconsistent remedy, in the absence of facts constituting an estoppel in pais."

In the present case the court, in the former adjudication, held that the plaintiff did not possess the remedy he was there seeking. Defendants cannot now consistently claim that plaintiff possessed a remedy which, by the former judgment in their favor, the plaintiff was held not to have. If there is any estoppel here, it would

seem to operate against the defendants. Plaintiff cannot be held to be in any worse position than one who seeks a remedy which he does not possess or has lost.

The case of Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 A. S. R. 803, is cited and relied upon by defendants. That case is readily distinguished from the present case on the facts. There the plaintiff had brought an action on implied contract to recover the value of property converted by the defendants. The complaint in that action disclosed the facts as to the conversion and indicated an election to waive the tort and sue on contract. The court there sustained plaintiff's right to bring the action as on implied contract, and plaintiff recovered judgment on that theory against the defendants. Apparently he was unable to collect his judgment. He thereafter brought suit against Munger, who was not a defendant in the first action, claiming that Munger participated with the two defendants in the former action in the conversion of the property, and sought to recover from Munger for a conversion. So far as the New York court holds that the mere commencement of an action is a conclusive and irrevocable election of remedies, the decision is not in harmony with our recent cases.

We conclude that in our present case there was no binding election of remedies, first, because the record in the former case does not sufficiently disclose any such election, and second, because if there had been an intention or attempt to elect a remedy on implied contract such attempt was prevented and the right to elect withheld and denied by the trial court.

The questions of bar or estoppel by former judgment and of election of remedies are the only ones raised by the appeal.

The order appealed from is affirmed.

DIBELL, J. took no part.