IN RE APPLICATION TO REGISTER TITLE TO
REAL ESTATE.
LAURENCE M. NELSON, TRUSTEE, v. ELLA DORR
AND OTHERS.
ELINOR STOVEN AND ANOTHER, RESPONDENTS.[1]

June 5, 1953.

Nos. 36,020, 36,065.

---

[1] Reported in 58 N. W. (2d) 876.

*Laurence M. Nelson, pro se.*
*James M. Lynch* and *Frank J. Danz,* for respondents.

Thomas Gallagher, Justice.

Proceedings to register title to certain real estate situated in St. Paul, Ramsey county, comprising the homestead of Victor S. Johnson and Ruby A. Johnson, his wife, held in trust for them by appellant, Laurence M. Nelson, under trust deed dated December 21, 1951, and described as the "W½ of the W½ of Lot Four (4), Michel's Rearrangement of Lots Nine (9) to Sixteen (16), inclusive, of Mackubin and Iglehart's Addition of Out lots to St. Paul," except the south 240 feet of the east 75 feet thereof, subject to rights of the township of Rose in the south 40 feet thereof for highway purposes and subject to the rights of the state acquired for highway purposes.

On December 1, 1952, the trial court ordered judgment registering title thereto in appellant, subject to certain encumbrances, including the following:

"(b) Mortgage of the defendants [Elinor and Adolph C.] Stoven herein established as of date December 22, 1950, in the amount of $2,726.43, with interest at 6% therefrom, which shall constitute a second mortgage lien on the premises."

At the trial appellant objected to any evidence with respect to the mortgage described. Subsequently he moved that any reference thereto be stricken from the order for judgment on the ground that, by virtue of a prior judgment of the district court of Ramsey county, it had been adjudged void and that defendants were estopped from asserting any claim based thereon. This motion was denied December 16, 1952. This is an appeal from an order dated December 16, 1952, denying motion for amended findings or a new trial based upon the same ground; and from that portion of the decree adjudicating a second mortgage in favor of the Stovens.

In substance, it is appellant's contention that the mortgage, hereinafter referred to as the Stoven transaction, originated in a conveyance of the property to the Stovens by Ella Dorr and her assignment to them of the vendor's interest in a contract for deed wherein she agreed to convey the property to Victor S. and Ruby A. Johnson; that the prior Dorr transaction, evidenced by a deed from Johnson

to Ella Dorr and the contract for deed described, had been adjudged a usurious and void mortgage in prior proceedings in which the Stovens appeared as parties defendant; and that, in consequence, the Stovens had acquired no greater right than the void claim of Ella Dorr. The described conveyance and assignment of contract for deed from Ella Dorr to the Stovens were made before commencement of the action wherein the Dorr transaction was adjudged void, the Stovens being unaware of the usurious character of the transaction between Ella Dorr and the Johnsons.

In a memorandum made a part of the findings and order, the trial court stated:

"The plaintiff earnestly contends that the judgment in the action tried before Judge McNally is a bar to the defense attempted to be interposed by the defendants in this case, * * *. It is very clear to me that every question attempted to be presented here could have been disposed of by Judge McNally in the first action. * * * The answer of the Stovens [there] expressly set up the claim that the Johnsons were estopped to assert against them the defense that the Dorr transactions were usurious, and the alleged facts set forth in the answer as constituting such estoppel are the same facts as are now relied upon in support of their claim of estoppel. Notwithstanding this situation presented by the pleadings, Judge McNally found only that the Stoven transactions amounted to a mortgage; made no express findings of fact as to the claim that the Stoven mortgage was subject to the defense of usury * * *, and in his order * * * expressly stated that he has not found it necessary to determine the rights of the Stovens under their mortgage.

"We have then presented squarely the question whether a judgment is a bar to a second action between the same parties involving only questions which were directly presented by the pleadings in the first case, but which have not been determined by the trial court in the first case, and were expressly withheld from determination.

"I have concluded that the case falls within the exception to the general rule [that such a judgment is a bar to a second action be-

tween the same parties involving issues covered by the pleadings in the first action] expressed in Fox v. Fox, 154 Minn. 169, at page 174; Steinberg v. Silverman, 186 Minn. 640, at page 642, and O'Neill v. Rueb, 215 Minn. 296, 10 N. W. 2d 363."

The facts are as follows: On November 16, 1949, the Johnsons, by warranty deed, conveyed the premises to Ella Dorr who, in turn, as vendor, executed and delivered to them a contract to convey the premises to them upon payment of $2,400 in deferred installments, plus interest. The purpose of this transaction was to secure a loan of $2,000 from Ella Dorr to the Johnsons.

On or about November 22, 1950, Ella Dorr commenced proceedings to cancel the contract for deed because of default therein. Victor S. Johnson thereupon arranged with the Stovens to refinance the Dorr transaction, advising Mrs. Stoven that unless her aid was obtained Johnsons would lose their home. Mrs. Stoven then telephoned Ruby A. Johnson who confirmed the statements made by her husband.

Thereafter on December 21, 1950, pursuant to an agreement between the Stovens and Victor S. Johnson, Adolph C. Stoven paid to Ella Dorr the sum of $2,726.43, the amount which Victor S. Johnson stated was then due on the Dorr contract for deed. Ella Dorr thereupon executed and delivered to the Stovens the warranty deed and assignment of contract for deed above described. The Stovens then advanced to the Johnsons an additional $273.50 in cash and executed and delivered to Victor S. Johnson a contract for deed wherein they agreed to convey the premises to him upon repayment of the $3,000 thus advanced. All of this was done with the knowledge and approval of Ruby A. Johnson.

On July 19, 1951, Johnson having defaulted in the Stoven contract for deed, the Stovens commenced cancellation thereof. Subsequently they also instituted an action in the municipal court of St. Paul to obtain possession of the premises. Shortly afterward the Johnsons commenced an action in the district court of Ramsey county against Ella Dorr, Elinor Stoven, and Adolph C. Stoven, wherein they sought to have the Dorr transaction adjudged void on

account of usury; to establish a conspiracy between Ella Dorr and the Stovens with respect thereto; to have the Stoven transaction likewise adjudged void; and to have title to the premises adjudged in them free and clear of both the Dorr and Stoven claims. In the answer interposed by the Stovens therein, the following allegation was included:

## "XIII

"That plaintiffs are estopped from claiming that the said Warranty Deed to defendant, Ella Dorr, and the said contract for deed from the said Ella Dorr to plaintiffs are usurious and void because plaintiffs informed defendants, Elinor Stoven and Adolph C. Stoven that they were contract for deed purchasers and that the amount stated to be due on the said Ella Dorr Notice of Cancellation was correct as aforesaid, and that in reliance thereon, defendant, Elinor Stoven, purchased the said premises from defendant, Ella Dorr, as aforesaid."

The municipal court action for possession instituted by the Stovens was transferred to the district court and consolidated for trial there with the subsequent action instituted by the Johnsons. They were tried together before the Honorable Carlton McNally. Therein Judge McNally determined that the Dorr transaction constituted a usurious and void mortgage and, with respect to the Stoven transaction, included the following in his findings:

"13. That the dealings between the plaintiff, Victor S. Johnson and the defendants Stoven, as described in Finding No. 8, were intended to be a refinancing of plaintiffs. That defendants Stoven did not conspire with defendant Ella Dorr as alleged in Paragraph VII of the complaint, to defraud plaintiffs of their rights in said premises, and that they had no dealings with the Dorrs or either of them except in the presence of Victor S. Johnson.

\* \* \* \* \*

"16. That plaintiffs have failed to prove the allegations of Paragraph VII-a [that the Stoven transaction was 'also usurious in nature'] of their complaint."

In his conclusions of law Judge McNally determined:

"4.   That the deed from Ella Dorr to defendants Stoven  *  *  * and the contract for deed from the Stovens to the plaintiffs  *  *  * are merely evidence of a mortgage securing the Three Thousand Dollar loan made by defendants Stoven to or on behalf of the plaintiffs.

"5.   *  *  * That no foreclosure of any mortgage now held by the Stovens has ever been attempted."

"The Court has not found it necessary to determine the rights of the Stovens against the plaintiffs under the mortgage (referred to in Conclusions of Law No. 4). These rights can best be determined when and if an action to foreclose such mortgage is brought."

Judgment was ordered in conformity with the foregoing and entered March 14, 1952.

On February 15, 1952, the trial court made an order denying the Johnsons' motion for the addition of a finding to the effect that the Stovens had no right, title, or interest in and to the premises and the Stovens' motion to amend the findings and conclusions to the effect that the Johnsons were estopped from claiming the Stovens' transaction usurious because of their conduct in inducing the Stovens to enter it.

On December 21, 1951, after the trial of the prior action in the district court of Ramsey county, Victor S. Johnson and Ruby A. Johnson conveyed the premises in question to appellant as trustee for the purpose of selling the same and distributing the sale proceeds in payment of the indebtedness of the Johnsons evidenced by various liens against the property, but not including that of the Stovens. Preliminary thereto the present registration proceedings were commenced April 1, 1952, by appellant.

In the registration proceedings, the Stovens interposed an answer setting forth the details of their loan transaction with the Johnsons and further alleging:

"V.

"That as against these answering defendants, the defendants Victor S. Johnson and Ruby A. Johnson, and their grantees and assigns, are estopped to deny validity of said mortgage loan made by Ella Dorr to said Johnsons and that these answering defendants claim and assert that the said sum of $3,000.00 advanced and paid over as a loan to and on behalf of said defendants Victor S. Johnson and Ruby A. Johnson, constitutes a lien upon said real estate with interest at the rate of six per cent per annum from the 22nd day of December, 1950; * * *."

In their prayer for relief they sought judgment that they were the owners of a specific lien upon the real estate for the money advanced to Johnsons.

At the trial in the registration proceedings, appellant submitted in evidence an abstract of title to the property and the entire file in the prior district court proceedings, including the pleadings, motions, findings, conclusions, order for judgment, and judgment and thereupon rested. Over his objection, based upon his contention that the judgment in the prior action rendered all issues with respect to the Stoven transaction *res judicata,* the Stovens presented evidence establishing that they had advanced to Ella Dorr and to the Johnsons, at Victor S. Johnson's request, the total sum of $3,000 and had received the conveyance from Ella Dorr and the assignment of the contract for deed hereinbefore described as security therefor; that Ruby A. Johnson had been fully advised and acquiesced in the transaction; that neither of the Johnsons had advised them as to the usurious nature of the Dorr transaction; that Victor S. Johnson had advised them that the sum of $2,726.43 was due Ella Dorr in connection with the cancellation of the contract for deed above described; that they had paid to her the sum thus specified by Victor S. Johnson at his request; and that they had in turn made, executed, and delivered to Victor S. Johnson a contract for deed agreeing to convey the premises to him upon repayment of the sum of $3,000 plus interest in deferred installments. Appellant

presented no evidence in rebuttal, relying exclusively upon the judgment in the prior action as a defense to Stovens' claims.

On appeal, appellant challenges the district court's right to determine the validity of the Stoven lien, again contending that the prior judgment had rendered all issues with respect thereto and with respect to Stovens' claim that Johnsons were estopped from challenging the validity of the Stovens' lien *res judicata*.

■ With reference to the effect of a prior judgment as a bar in subsequent proceedings, in Smith v. Smith, 235 Minn. 412, 418, 51 N. W. (2d) 276, 279, this court recently stated:

"Where a particular matter or issue is withdrawn or withheld from consideration of the court, either by stipulation of the parties or otherwise, it is not adjudicated, and a judgment entered on other issues will not act as a bar to another action on the issues so withdrawn.

\* \* \* \* \*

"In Fox v. Fox, 154 Minn. 169, 174, 191 N. W. 420, 421, we said: '\* \* \* where a former judgment is set up as a bar, plaintiff may avoid an estoppel by showing that a particular matter involved in the prior litigation *was distinctly withdrawn, abandoned, ruled out or withheld from the consideration of the jury so that it constituted no part of the verdict or judgment rendered thereon.* \* \* \*'" (Italics supplied.)

See, also, O'Neil v. Rueb, 215 Minn. 296, 10 N. W. (2d) 363; Steinberg v. Silverman, 186 Minn. 640, 244 N. W. 105; Ross v. Amiret Farmers Elev. Co. 178 Minn. 93, 226 N. W. 417; 50 C. J. S., Judgments, § 729.

■ The principle thus expressed is an exception to the well-established rule that a judgment rendered upon the merits constitutes a bar in a subsequent action between the same parties not only as to issues submitted in the prior action but as to issues covered by the pleadings which were not withdrawn and might have been determined therein. In the prior action here the findings establish that the court determined that the Stoven transaction was not usurious; that there was no conspiracy between the Stovens

and Ella Dorr; that the deed from Ella Dorr to the Stovens was "evidence of a mortgage" rather than a transfer of title; and that thereunder the rights of the Stovens against plaintiffs were not otherwise then determined.

Clearly such findings establish beyond doubt that the determination with respect to the Stoven transaction in the present registration proceedings was not barred by a prior adjudication and that, on the contrary, the rights of the parties thereunder had been specifically left undetermined in the prior proceedings. It follows that in the proceedings now before us the trial court was correct in receiving and considering evidence with respect to the Stoven transaction and the rights of the parties thereunder.

■ Appellant contends that the denial of the Stovens' motion for amended findings in the prior action establishing the validity of their lien on the premises is equivalent to a finding that their claim was invalid. It is well settled that a denial of a motion for amended findings is equivalent to an adverse finding on the issue presented thereby. Alsdorf v. Svoboda, 239 Minn. 1, 57 N. W. (2d) 824; Martens v. Martens, 211 Minn. 369, 1 N. W. (2d) 356; Sheffield v. Clifford, 186 Minn. 300, 243 N. W. 129; Buro v. Morse, 183 Minn. 518, 237 N. W. 186; In re Estate of Malchow, 143 Minn. 53, 172 N. W. 915. This rule is nullified here, however, by the fact that, subsequent to the findings, the Johnsons moved for an amended finding establishing the invalidity of the Stoven transaction, a motion which the court likewise denied. Applying the rule to both motions would leave two inconsistent findings so that resort to the expressed findings would be required to determine what the court intended. As stated above, these clearly manifest that the issue with respect to the rights of the Stovens under their mortgage was not then determined.

■ We do not agree that the prior finding to the effect that the Stoven transaction was "merely evidence of a mortgage" amounts to an adjudication that this transaction was invalid as appellant now contends. Rather, we feel that the trial court, in using this language, intended merely to define the transaction as a mortgage

rather than an absolute conveyance vesting title in the Stovens. Since the evidence established that the money advanced by them was intended as a loan, no other conclusion could have been reached. Hewitt v. Baker, 222 Minn. 292, 24 N. W. (2d) 47; Nitkey v. Ward, 199 Minn. 334, 271 N. W. 873; King v. McCarthy, 50 Minn. 222, 52 N. W. 648. That this was the court's intent is further evidenced by its conclusion (No. 5) that "no foreclosure of any mortgage now held by the Stovens has ever been attempted" and that the rights of the parties with respect thereto can best be determined when "action to foreclose such mortgage is brought." Certainly this could not be construed as an adjudication that the Stoven transaction was tainted with usury or otherwise void so as to terminate the Stovens' right thereunder.

■ There is ample evidence to sustain the finding that Johnsons were estopped from asserting that the invalidity which characterized the Dorr transaction affected the Stoven loan. It is undisputed that when the Johnsons found themselves in danger of losing their homestead they eagerly sought the assistance of the Stovens with whom they had dealt before. There is no evidence that they disclosed to the Stovens the usurious nature of the Dorr loan. Even had they done so, it is doubtful whether the invalidity thereof would in any measure affect the entirely new and valid loan then made by the Stovens. All conversations between the Stovens and Ella Dorr were in the presence of Victor S. Johnson. At no time did Johnson assert that it was his intention to attack the Dorr loan or to seek to have it adjudged a nullity. It is obvious that had he done so the Stovens would have quickly and definitely refused to have any further part in the transaction.

Insofar as the evidence relates to Ruby A. Johnson, it is undisputed that she was fully advised as to the entire transaction and acquiesced in the method in which it was to be handled. She gladly consented to what then appeared to be the last-moment salvage of her home and would be estopped to challenge any of the actions of the Stovens after inducing them to enter into the transaction. See, Bullock v. Miley, 133 Minn. 261, 158 N. W. 244.

Affirmed.